# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-944

LARRY A. PELEGRINI,                                        APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                             APPELLEE.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

## O R D E R

The appellant, through counsel, seeks review of an April 30, 2001, Board of Veterans' Appeals (BVA) decision that found that an April 1994 Department of Veterans Affairs (VA) regional office (RO) decision was final and that no new and material evidence had been presented, since that VARO decision, to reopen the appellant's finally disallowed claim for VA service connection for soft-tissue lung mass due to exposure to Agent Orange or other herbicides during service in Vietnam. Record (R.) at 4. The appellant has filed a brief and a reply brief, in which he makes certain arguments in support of a remand based on the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA). The Secretary has filed a brief, in which he argues that the VCAA does not require a remand in the instant appeal.

The appellant's arguments for remand raise questions not adequately addressed by the parties regarding (1) the extent to which the VCAA, specifically new section 5103A, added to title 38, U.S. Code by the VCAA, obligates the Secretary to assist claimants presenting claims to reopen and (2) if the Secretary is so obliged, the circumstances under which VA must provide a medical opinion regarding any nexus between a veteran's current condition and that veteran's service. The Secretary argues that, as a result of section 5103A(f) (quoted *infra*), no claim-development assistance is owed to the appellant and that the "Duty to Assist" regulations that the Secretary issued on August 29, 2001, to implement the provisions of the VCAA, as "to claims for benefits that are governed by part 3 [of title 38, Code of Federal Regulations]", are inapplicable to the appellant's claim to reopen because it was submitted before August 29, 2001, 66 Fed. Reg. 45,620, 45,629 (Aug. 29, 2001). Brief at 12-13; *see* R. at 127 (claim to reopen submitted in 1996).

The VCAA, inter alia, amended 38 U.S.C. § 5103 ("Notice to claimants of required information and evidence") and added 38 U.S.C. § 5103A ("Duty to assist claimants"). VCAA § 3(a), 114 Stat. at 2096-98; *see* 66 Fed. Reg. at 45,630-32 (amending, inter alia, 38 C.F.R. § 3.159) ("Duty to Assist" regulations prescribed by Secretary under 38 U.S.C. § 5103A(e) and (g) to provide VA claimants with assistance in substantiating claims). Section 5103A(d) requires that the Secretary provide medical examinations or opinions to certain claimants for VA disability compensation when

"necessary to make a decision on the claim"; section 5103A(f) provides in pertinent part: "Nothing in this section shall be construed to require the Secretary to reopen a claim that has been disallowed except when new and material evidence is presented or secured"; section 5103A(g) provides: "Nothing in this section shall be construed as precluding the Secretary from providing such other assistance under subsection (a) to a claimant in substantiating a claim as the Secretary considers appropriate." VCAA § 3(a), *supra*.

In the Supplementary Information published in the Federal Register on August 29, 2001, the Secretary quoted and summarized sections 5103A(f) and (g) and then concluded: "Given section 5103A(f)'s express preservation of the finality of VA decisions, we proposed [in the regulations previously published for comment], however, to provide less assistance in attempts to reopen final previously disallowed claims than for original claims for compensation." 66 Fed. Reg. at 45,628. It appears that the Secretary is therefore reading section 5103A(f) as not only requiring that he not "reopen" a claim that has been previously and finally disallowed except upon the presentation of new and material evidence, but also as requiring that he not assist a veteran in substantiating a claim to reopen by creating medical evidence not in existence. *Ibid; see generally Bernklau v. Principi*, 291 F.3d 795, 805 (Fed. Cir. 2002) (describing 5103A(f) in dictum as "specifically providing that the duty[-]to[-]assist provisions of section 3(a) [of the VCAA] should not apply to closed cases").

Based, apparently, on this rationale, the Secretary's August 29, 2001, regulations limit VA's duty to "[p]rovid[e] medical examinations or obtain[] medical opinions" by providing that that duty "applies to a claim to reopen a finally adjudicated claim only if new and material evidence is presented or secured". 38 C.F.R. § 3.159(c)(4)(iii) (citing 38 U.S.C. § 5103A(d) as the statutory authority for this regulation). In the Supplementary Information, the Secretary also stated:

> Authority to provide such additional assistance is provided by 38 U.S.C. § 5103A(g), which provides that nothing in section 5103A shall be construed to preclude VA from providing such other assistance to a claimant in substantiating a claim as VA considers appropriate. Because we have no authority to make these provisions retroactively effective, they are applicable on the date of this final rule's publication. Accordingly, we will apply the second sentence of § 3.159(c), § 3.159(c)(4)(iii), and the amendment to 38 C.F.R. [§] 3.156(a) to any claim for benefits received by VA on or after August 29, 2001.

66 Fed. Reg. at 45,629.

Assuming, arguendo, that the VCAA does apply to claims before VA and the BVA at the time of the VCAA's enactment, the Court is in need of additional briefing from the parties on the following questions regarding the application to claims to reopen of new section 5103A(d) and amended regulation § 3.159(c)(4), *see* 66 Fed. Reg. at 45,631:

2

(1)  Does 38 U.S.C. § 5103A(a) through (e) and (g) apply to claims to reopen?  *See* 38 U.S.C. §§ 5100, 5103A(f); *Brown v. Gardner*, 513 U.S. 115, 117-18 (1994); *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844-45 (1984); *Bernklau*, *supra*; *see also Quartuccio v. Principi*, 16 Vet.App. 183, 187 (2002).

(2)  If so, was it a reasonable interpretation of the VCAA and other applicable law for the Secretary to determine that, as to his August 29, 2001, regulations regarding claims to reopen, he has "no authority to make these provisions retroactively effective," and, if so, to determine that, because of such lack of authority, the second sentence of 38 C.F.R. § 3.159(c) and 38 C.F.R. § 3.159(c)(4)(iii) are effective on August 29, 2001, instead of on November 9, 2000?  *See* 66 Fed. Reg. at 45,629.

(3)  What is the effect, if any, of *Quartuccio*, *supra*, on the appellant's claim?

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file, and serve on the Secretary, a memorandum of law addressing the issues presented in this order.  It is further

ORDERED that, not later than 30 days after service of the appellant's memorandum, the Secretary file, and serve on the appellant, a memorandum of law in response to the appellant's memorandum and to this order.  It is further

ORDERED that, not later than 20 days after service of the Secretary's memorandum in response, the appellant may file a memorandum in reply to that response.

Any interested amici curiae may submit briefs on the same schedule provided for the appellant.

DATED:      August 22, 2002                    PER CURIAM.