**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 01-482

KENNETH R. CLAY,                                                    APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                              APPELLEE.

Before IVERS, STEINBERG, and GREENE, *Judges*.

**O R D E R**

The appellant, through counsel, seeks review of a January 12, 2001, Board of Veterans' Appeals (Board) decision that denied his claim to reopen his previously and finally disallowed claim for Department of Veterans Affairs (VA) service connection for injuries to his back and knees, because the Board found that new and material evidence had not been presented regarding that claim. The appellant has filed a brief, in which he argues, inter alia, that the VA regulations issued to implement the provisions of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), are applicable to his claim to reopen insofar as those regulations require that VA obtain a medical opinion regarding whether there is a nexus between his in-service injury and his present disabilities. 66 Fed. Reg. 45,620, 45,630-32 (Aug. 29, 2001). Brief (Br.) at 5. The Secretary has filed a brief, in which he (1) argues that the Court should affirm the Board decision on the merits and (2) counters the appellant's duty-to-assist argument by contending that the duty is not triggered unless the claim is reopened. Br. at 14.

On July 16, 2002, a similar case was submitted to a panel of the Court in *Pelegrini v. Principi,* No. 01-944 (Vet. App. filed May 31, 2001). On August 22, 2002, the Court issued a briefing order in that case regarding the applicability to claims to reopen of the duty-to-assist provisions in the VCAA and in the August 29, 2001, VA regulations. *Pelegrini*, 16 Vet.App. 259, 260-61 (2002) (per curiam order). The issues in the two cases regarding (1) application of the duty to assist under section 5103A to claims to reopen, (2) application of amended regulation § 3.159(c)(4), *see* 66 Fed. Reg. at 45,631, to claims to reopen, and (3) the effect, if any, of the recently decided *Quartuccio v. Principi*, 16 Vet.App. 187 (2002), are substantially similar, and the disposition of *Pelegrini* could materially affect the instant proceedings. Therefore, in the interest of judicial economy, the Court will stay further proceedings in the instant case pending the disposition of *Pelegrini*.

Upon consideration of the foregoing, it is

ORDERED, sua sponte, that this matter is stayed pending the outcome of *Pelegrini*, *supra*, or further order of the Court.

DATED:          October 30, 2002          PER CURIAM.