# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-944

LARRY A. PELEGRINI, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals and
On Appellee's Motion for Reconsideration

(Argued January 23, 2003    Decided    June 24, 2004   )

*Kenneth M. Carpenter*, of Topeka, Kansas, with whom *Sean Kendall*, of Boulder, Colorado, was on the brief, for the appellant.

*John D. McNamee*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Mary Ann Flynn*, Principal Deputy Assistant General Counsel; and *Brian B. Rippel*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief, for the appellee.

*Robert V. Chisholm*, of Providence, Rhode Island, and *Barbara J. Cook*, of Cincinnati, Ohio, were on the pleadings for the National Organization of Veterans' Advocates, Inc., as amicus curiae; and *Barton F. Stichman* and *Ronald B. Abrams*, both of Washington, D.C., were on the pleadings for the National Veterans Legal Services Program and American Legion as amici curiae.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

STEINBERG, *Judge*, filed the opinion of the Court.  IVERS, *Judge*, filed an opinion concurring in part and dissenting in part.

STEINBERG, *Judge*:  The appellant, through counsel, seeks review of an April 30, 2001, Board of Veterans' Appeals (BVA or Board) decision that found that an April 1994 Department of Veterans Affairs (VA) regional office (RO) decision was final and that no new and material evidence had been presented, after that VARO decision, to reopen his previously disallowed claim for VA

"service connection for a soft[-]tissue lung mass due to exposure to Agent Orange or other herbicides" during his service in Vietnam. Record (R.) at 4. The appellant filed a brief and a reply brief, in which he makes certain arguments in support of a remand based on the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096, specifically 38 U.S.C. § 5103(a), as amended by VCAA § 3(a). The Secretary filed a brief, in which he argues that the VCAA does not require a remand in the instant appeal. Thereafter, the Court ordered additional briefing from the parties; both parties and amicus curiae, the National Organization of Veterans' Advocates, Inc. (NOVA), filed responses. The Court then heard oral argument and on January 13, 2004, issued an opinion in this case vacating the April 30, 2001, BVA decision and remanding the matter for further development and readjudication. *Pelegrini v. Principi* (*Pelegrini I*), 17 Vet.App. 412 (2004).

On February 3, 2004, the Secretary filed a motion for panel reconsideration and for a full-Court decision should panel reconsideration "be denied in whole or in part." Motion (Mot.) at 2. The Secretary also filed on February 5, 2004, a motion to "stay the precedential impact" of *Pelegrini I* pending a ruling on the Secretary's reconsideration motion. Stay Motion (Stay Mot.) at 1. On February 12, 2004, the appellant, through counsel, filed an opposition to the Secretary's motion for a stay. On February 19, 2004, the Court issued an order requiring the appellant to file a response to the reconsideration motion, permitting the Secretary to respond, and inviting interested amici curiae to participate. *Pelegrini v. Principi*, No. 01-944, 2004 WL 396111 (Vet. App. Feb. 19, 2004) (noting that, pursuant to *Tobler v. Principi*, 2 Vet.App. 8, 14 (1991), Secretary's remedy "may be for the Board to stay its proceedings in other cases that arguably fall within the *Pelegrini I* precedent being challenged"). In March 2004, the appellant filed his response, and the American Legion (Legion), jointly with the National Veterans Legal Services Program (NVLSP), and NOVA each filed responses as amici curiae in support of the appellant. Also in March 2004, the Secretary responded (Response (Resp.)) to the appellant's response. In April 2004, the appellant filed a notice of supplemental authority relating to *Hayslip v. Principi*, 364 F.3d 1321 (Fed. Cir. 2004). The Court expresses its gratitude for the prompt responses of the parties and the participation of amici.

Today, the Court will grant the Secretary's motion for reconsideration, withdraw its opinion in *Pelegrini I*, and issue this opinion (*Pelegrini II*) in its stead. We hold (1) that the revised notice

requirements in 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b)(1) (2003), VA's regulations implementing amended section 5103(a), apply to cases pending before VA on November 9, 2000, the date of the VCAA's enactment, even if the initial agency of original jurisdiction (AOJ) decision was issued before that date and (2) that the statute and regulation provide that, before an initial unfavorable AOJ decision is issued on a claim, a service-connection claimant must be given notice in accordance with 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b)(1). The Court further determines that, on the current record, it cannot conclude that the notice deficiency in the instant case was not prejudicial to the appellant. Additionally, in response to the Secretary's comments, in his February 2004 motions, regarding the lack of clarity as to the process to be undertaken on remand for this and similarly situated cases (Mot. at 2; Stay Mot. at 2), we provide appropriate clarification. We also hold that a remand is required pursuant to *Spencer v. Brown*, 4 Vet.App. 283 (1993), *aff'd*, 17 F.3d 368 (Fed. Cir. 1994). For the reasons set forth below, the Court will vacate the Board decision and remand the matter for readjudication consistent with this opinion.

## I. Background

Because the case involves only process, an evidentiary background need not be provided. The veteran served honorably on active duty in the U.S. Marine Corps from November 1968 until April 1970, including service in Vietnam. R. at 231. In December 1993, the RO denied the veteran's claim for "[s]ervice[]connection for Agent Orange exposure" on the grounds that he failed to claim "any specific disability relating to exposure" and that "mere exposure is not a disability in itself." R. at 106. After the veteran filed a Notice of Disagreement as to that decision (R. at 109), the RO, in April 1994, denied service connection for a left-lung-soft-tissue mass (R. at 124). He did not appeal that decision, and it became final. In March 1996, he filed, inter alia, a claim to reopen. R. at 127-28. In January 1997, the RO denied service connection on the merits. R. at 175-76.

In the April 2001 BVA decision here on appeal, the Board denied reopening of the veteran's Agent Orange claim and explained that, although the RO in the decision on appeal "implicitly reopened the claim and adjudicated the matter on the merits" (R. at 11), the Board, pursuant to *Barnett v. Brown*, 8 Vet.App. 1 (1995), *aff'd*, 83 F.3d 1380 (Fed. Cir. 1996), "must conduct an independent review" of the reopening issue (R. at 10). The Board noted the duty-to-notify and

duty-to-assist provisions of the VCAA (as codified at 38 U.S.C. § 5103(a) and 38 U.S.C. § 5103A, respectively), quoted the "Rule With Respect to Disallowed Claims", 38 U.S.C. § 5103A(f), and concluded that the VCAA "has not modified the longstanding requirement" that new and material evidence be presented to reopen a claim. R. at 10. The Board determined, inter alia, that the April 1994 RO decision was final and that none of the VA medical records and examination reports were "material", and thus decided that there was no new and material evidence to reopen the veteran's claim. R. at 4.

## II. Contentions on Appeal

In his principal brief, the appellant argues, inter alia, that the Board erred (1) by adjudicating his claim as a claim to reopen without notifying him beforehand of its intention to do so and allowing him the opportunity to present evidence and argument on the issue of reopening (Brief (Br.) at 6-7 (citing *Barnett*, 8 Vet.App. at 4, and *Sutton v. Brown*, 9 Vet.App. 553, 564-70 (1996), for proposition that Board may adjudicate reopening issue in first instance "if and only if the veteran is not prejudiced")) and (2) by failing to give notice to him under 38 U.S.C. § 5103(a) of what medical or lay evidence was necessary to substantiate his claim (Br. at 10-12).

The Secretary argues in his principal brief that the VCAA "does not impact" this appeal. Br. at 11. Specifically, the Secretary contends that the VA regulations implementing the VCAA are inapplicable to the appellant's claim to reopen because that claim was submitted before August 29, 2001, when VA issued its VCAA implementing regulations pursuant to 66 Fed. Reg. 45,620, 45,629 (Aug. 29, 2001) (codified at 38 C.F.R. pt. 3), and, thus, that VA had no duty to assist because new and material evidence had not been presented to reopen his claim. Br. at 13. As to the notice provisions of the VCAA, the Secretary asserts that, "although [those provisions were] not specifically addressed by the Board, . . . the case was fully developed and there is no indication that any additional evidence exists which has not already been included in the record." *Ibid.*

In August 2002, the Court ordered the parties to present further briefing regarding, inter alia, "the effect, if any, of *Quartuccio*[ *v. Principi*, 16 Vet.App. 183, 187 (2002)], on the appellant's claim." *Pelegrini v. Principi*, 16 Vet.App. 259, 260-61 (2002) (per curiam order). The appellant filed a response arguing, inter alia, that *Quartuccio* requires that the case be remanded for

compliance by the Secretary with the mandatory notice requirements in section 5103(a) and (b). Supplemental (Suppl.) Br. at 14. The Secretary then moved for a stay of proceedings pending disposition in the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) of a direct challenge to the Secretary's regulations implementing the VCAA. Mot. at 3 (citing *Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs (PVA v. Sec'y)* (consolidated case, argued December 2002, and subsequently decided, 345 F.3d 1334 (Fed. Cir. 2003))). The Court denied that motion and ordered the Secretary to file his response. *Pelegrini v. Principi*, No. 01-944, 2002 WL 31470066, at *1 (Vet. App. Oct. 31, 2002) (per curiam order). In that response, the Secretary cites the requirements of *Quartuccio*, *supra*, and *Charles v. Principi*, 16 Vet.App. 370 (2002), and asserts, inter alia, that, although the Board did not address the VCAA notice requirements,

> VA adequately notified [the a]ppellant during an extensive and thorough Board hearing held on December 4, 2000 (R.[ at ]466-506), of the information and evidence necessary to substantiate his claim <u>and</u> which portion of such information or evidence was to be provided by [the a]ppellant and which portion was to be provided by VA.

Suppl. Br. at 11-13 (citing from BVA hearing R. at 467, 475, 476-78, 481-82, 486-92, and 498-502). In the appellant's reply to the Secretary's supplemental brief, the appellant counters the Secretary's *Quartuccio* arguments by stating that the appellant is entitled to "the mandatory 'preadjudicatory' notices under [section] 5103 (a) and (b)." Suppl. Reply at 11-13.

In the Secretary's motion for reconsideration, he makes two principal arguments: (1) That application of the VCAA § 3(a) amendments to an action that an AOJ completed before the VCAA was enacted had a prohibited retroactive effect and (2) that the Court has not properly considered the question whether the lack of pre-AOJ-adjudication notice was prejudicial to the appellant. Mot. at 1-2; *see* Stay Mot. at 2-5. The Secretary also notes that the Court in *Pelegrini I* expressed reluctance to address how the Secretary might properly cure defects in the timing of VCAA notice (Mot. at 2), and he appears to interpret *Pelegrini I* as vitiating or nullifying prior RO actions, Mot. at 3, n.1, 8, 9, 12; Resp. at 2-5.

5

## III. Analysis

After submitting their initial briefing on the applicability of and VA's compliance with the VCAA, counsel for both parties indicated at oral argument, in response to a question from the Court, that the Board should have adjudicated the appellant's claim as an original, rather than as a reopened, claim. However, the resolution of that question does not affect the determination of whether VA complied with the VCAA notice provisions, because section 5103(a) applies equally to original claims and claims to reopen. *See Quartuccio*, 16 Vet.App. at 186-87. Hence, we turn first to the question of VA's compliance with its duty to notify.

### A. Duty to Notify

### 1. New Notice Requirements

Section 3 of the VCAA amended, inter alia, 38 U.S.C. § 5103 ("Notice to claimants of required information and evidence").VCAA § 3(a), 114 Stat. at 2096-97. Section 5103(a) provides:

> (a) REQUIRED INFORMATION AND EVIDENCE.–Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary, in accordance with section 5103A of this title and any other applicable provisions of law, will attempt to obtain on behalf of the claimant.

38 U.S.C. § 5103(a). Regulation § 3.159(b)(1) provides in pertinent part:

> (b) *VA's duty to notify claimants of necessary information or evidence.*
>
> (1) When VA receives a complete or substantially complete application for benefits, it will notify the claimant of any information and medical or lay evidence that is necessary to substantiate the claim. VA will inform the claimant which information and evidence, if any, that the claimant is to provide to VA and which information and evidence, if any, that VA will attempt to obtain on behalf of the claimant. VA will also request that the claimant provide any evidence in the claimant's possession that pertains to the claim.

38 C.F.R. § 3.159(b)(1) (2003).

## 2. Applicability of § 3.159(b)(1) and VCAA § 3(a)

In *Dyment v. Principi* and *Bernklau v. Principi*, the Federal Circuit concluded that section 3(a) of the VCAA "was not intended to be given retroactive effect", *Dyment*, 287 F.3d 1377, 1385 (Fed. Cir. 2002), and thus did "not apply retroactively to require that proceedings that were complete before [VA] and were on appeal to the Court of Appeals for Veterans Claims or [the Federal Circuit] be remanded for readjudication under the new statute", *Bernklau*, 291 F.3d 795, 806 (Fed. Cir. 2002). The Federal Circuit expressly declined to decide, however, "whether applying section 3(a) to proceedings already commenced at the time of enactment of the VCAA and still pending before the agency's [RO] or the [BVA] would constitute retroactive application of the statute" and reached a conclusion on the VCAA's *in*applicability only as to proceedings that were "***complete before the agency***, but [were] on appeal at the time the VCAA was enacted." *Bernklau*, *supra* (emphasis added). This Court, in *Stephens v. Principi*, applied the *Dyment* and *Bernklau* holdings to rule out application of the VCAA to cases pending in this Court on or before the date of the VCAA's enactment. *Stephens*, 16 Vet.App. 191, 193 (2002) (per curiam order); *see also Shoffner v. Principi*, 16 Vet.App. 208, 215 (2002). Recently, in *Kuzma v. Principi*, the Federal Circuit reaffirmed the *Dyment* and *Bernklau* holdings as to retroactivity but, again, did not purport to deal with the applicability of the VCAA to cases pending anywhere other than before the Federal Circuit or this Court at the time of the VCAA's enactment. *Kuzma*, 341 F.3d 1327, 1328-29 (Fed. Cir. 2003). This Court consistently has applied the VCAA to cases pending before VA at the time of the VCAA's enactment. *E.g.*, *Huston v. Principi*, 17 Vet.App. 195, 202-03 (2003) (applying section 5103(a) and § 3.159(b)(1)); *Charles*, 16 Vet.App. at 374-75 (applying section 5103A); *Quartuccio*, *supra* (applying section 5103(a) and § 3.159(b)(1)); *see also Hayslip*, 364 F.3d at 1324 (framing issue to be decided as "when is a [B]oard decision 'not final' as of the enactment date of the VCAA so that the additional notice and assistance provisions outlined in section 3(a) of the VCAA must be complied with"?).

As is relevant here, the Secretary expressly acknowledges in his reconsideration motion that "the VCAA applies to all claims pending before VA on the date of enactment of the legislation, i.e., November 9, 2000." Mot. at 3 n.1. Moreover, the Secretary expressly made § 3.159(b)(1), which incorporates the three section 5103(a) notice elements, see part III.A.2.b, *infra*, applicable to "any

7

claim for benefits received by VA on or after November 9, 2000, . . . as well as to any claim filed before that date but not decided by VA as of that date". 66 Fed. Reg. 45,620, 45,620 (Aug. 29, 2001); *see id.* at 45,629. In this regard, the VA General Counsel has concluded in a precedent opinion that the VA implementing regulations "are beneficial to claimants and not inconsistent with the VCAA or any other statute" and "expressly and validly provided" for their retroactive application "to claims filed before the date of enactment of the VCAA and still pending before VA as of that date." VA Gen. Coun. Prec. 7-03 (Nov. 19, 2003) [hereinafter G.C. Prec. 7-03] Holding para. E, F; *see* 38 U.S.C. § 7104(c) (providing that General Counsel precedent opinion is binding on Board); 38 C.F.R. § 19.5 (2003); *see also* 38 U.S.C. §§ 501 (authorizing Secretary to prescribe regulations "consistent with" laws administered by VA, including "regulations with respect to the nature and content of proof and evidence" and "the manner and form of adjudications"), 5103A(g) (authorizing Secretary to provide "such other assistance under subsection (a) ["reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the . . . claim"] to a claimant in substantiating a claim as the Secretary considers appropriate"). The Court agrees with the VA General Counsel's conclusion in G.C. Prec. 7-03 that because VA's regulations had imposed "retroactive effects on VA", it is "unnecessary to decide whether" the VCAA itself would have a prohibited retroactive effect if construed to "require[] the Board to remand all claims pending before it on November 9, 2000." G.C. Prec. 7-03 paras. 22, 29; *cf. Hayslip, supra.*

Given the Secretary's acknowledgment and regulatory actions, it is clear that the regulations apply to the instant case; hence, the question is not whether but how the notice provisions apply to this case. *See* Mot. at 3 n.1 (acknowledgment that VCAA applies to all claims pending before VA on November 9, 2000, "is not the end of the inquiry"). The Court, therefore, will turn to the questions of the timing and content of the requisite notice.

*a. Timing of Notice Requirement.* Section 5103(a) requires the Secretary to give VCAA-complying notice to a VA claimant "[*u*]*pon receipt* of a complete or substantially complete application." 38 U.S.C. § 5103(a) (emphasis added). "Upon" means "on the occasion of, at the time of, or immediately thereafter". WEBSTER'S COLLEGE DICTIONARY 1465 (Random House 1992). In 38 U.S.C. § 5100, "claimant" is defined as "any individual applying for, or submitting a claim for, any benefit under the laws administered by the Secretary." 38 U.S.C. § 5100. Therefore, the plain

language of the statute requires that notice to a VA claimant pursuant to the VCAA be provided "at the time" that, or "immediately after", the Secretary receives a complete or substantially complete application for VA-administered benefits. 38 U.S.C. §§ 5100, 5103(a); *see Brown v. Gardner*, 513 U.S. 115, 120 (1994) (holding that "the text and reasonable inferences from it give a clear answer against the Government, and that, as we have said, is 'the end of the matter'" (quoting *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409 (1993), and *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984))); *Chevron*, *supra* (holding that when "Congress has directly spoken to the precise question at issue" and "the intent of Congress is clear, that is the end of the matter").

Indeed, the "at the time of" definition that connotes "when" is also contained in the Secretary's regulation in § 3.159(b)(1), which provides that "[*w*]*hen VA receives* a complete or substantially complete application for benefits", it will give the requisite notice. 38 C.F.R. § 3.159(b)(1) (emphasis added). In the Supplementary Information accompanying the August 2001 promulgation of § 3.159(b)(1), the Secretary elaborated as follows on the timing requirement: "The statutory notice required by the VCAA occurs at an early point in the claims process when the claimant often has not yet identified the evidence and information relevant to the claim." 66 Fed. Reg. at 45,622. The Supplementary Information also explained:

> Another commenter stated that the regulation should specifically state that the notice required under section 5103(a) will be sent to the claimant *before a decision on the claim has been made. We agree* and have changed the language of § 3.159(b)(1) to state that VA will send the required statutory notice "When VA receives a complete or substantially complete application for benefits," rather than "If VA receives" this application.

66 Fed. Reg. at 45,622-23 (emphasis added).

The Court need not pinpoint the exact moment when VA must provide notice, but the words "[u]pon receipt" and "when" in the statutory and regulatory provisions, respectively, mandate that notice precede an initial unfavorable AOJ decision on a service-connection claim – the next major adjudication-process milestone after the application is filed. 38 U.S.C. § 5103(a); 38 C.F.R. § 3.159(b)(1). Moreover, nothing in the VCAA or otherwise in title 38 of the U.S. Code, in the VCAA's legislative history, or in VA's August 2001 regulations or their regulatory history, suggests

9

a contrary reading of section 5103(a) or § 3.159(b)(1). Furthermore, the Court notes that neither in his motion for reconsideration nor in his stay motion does the Secretary disagree that the regulation and statute provide that notice be given before an initial unfavorable AOJ decision on a claim. In his March 2004 response, the Secretary concedes expressly that section 5103(a) "generally requires VA to provide the notice specified in that section to a claimant shortly after receiving a claim and before VA renders its initial decision on the claim." Resp. at 2; *see* VA Gen. Coun. Prec. 8-03 para. 2 (Dec. 22, 2003) (stating that "by ensuring proper development of the record the first time a claimant submits an application for benefits[,] . . . [ i]t appears that the drafters [of section 5103(a) in the Congress] wanted claimants to know early in the claim process what was necessary to substantiate their claims") (citation omitted).

For all of the foregoing reasons, the conclusion is inescapable that under § 3.159(b)(1) and section 5103(a), before an initial unfavorable AOJ decision on the claim, a service-connection claimant must be given notice in accordance with section 5103(a) and § 3.159(b)(1). It is undisputed that the appellant did not receive such notice in this case before the initial unfavorable AOJ adjudication by the RO in January 1997; indeed, the Secretary's only contention that notice was given relates to a BVA hearing in December 2000 (Suppl. Br. at 11-13), a contention that the Court rejects because none of the pages cited by the Secretary from the transcript of that hearing (Suppl. Br. 11-13 (citing R. at 467, 475, 467-78, 481-82, 498-502)) refers to or includes specific notice-complying language, *see* part III.A.2.b, *infra*. Moreover, under 38 U.S.C. § 7104(d)(1) and *Charles,* 16 Vet.App. at 374, it is the Board's responsibility to include in its statement of reasons or bases an "adequate" discussion of the duty to notify and to specify whether and, if so, how documents referred to by the Board "or any other document in the record satisfied that requirement." Notwithstanding the foregoing analysis, however, as discussed in part III.C, below, we do not hold that this case, or any similarly situated case in which pre-AOJ-adjudication notice was not provided, must be returned to the AOJ for the adjudication to start all over again as though no AOJ action had ever occurred, i.e, there is no nullification or voiding requirement either explicit or implicit in this opinion, *Pelegrini II. Cf.* Mot. at 3 n.1, 8, 9, 12; Resp. at 2-5. The statute and the regulation provide for pre-initial-AOJ-adjudication notice, but the Court specifically recognizes that, where, as here, that notice was not mandated at the time of the initial AOJ decision, the AOJ did not err in not providing such

notice specifically complying with section 5103(a) / § 3.159(b)(1) because an initial AOJ adjudication had already occurred. R. at 175-76 (Jan. 1997 RO decision). Instead, as explained in part III.C, below, the appellant has the right on remand to VCAA content-complying notice and proper subsequent VA process.

      ***b. Content of Notice Requirement.*** On remand, the Secretary must provide notice, consistent with the requirements of section 5103(a), § 3.159(b), and *Quartuccio, supra*, that informs the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim, (2) that VA will seek to provide, and (3) that the claimant is expected to provide. Furthermore, as indicated in § 3.159(b), in what can be considered a fourth element of the requisite notice, VA must "also request that the claimant provide any evidence in the claimant's possession that pertains to the claim." 38 C.F.R. § 3.159(b)(1); *see* 38 U.S.C. § 5103A(g) (described in part III.A.2, *supra*).

### B. Prejudice to the Appellant

      With respect to the notice deficiency in this case, the Court, based upon the record and pleadings, cannot intuit that there is no possible information or evidence that could be obtained to substantiate the appellant's service-connection claim. *See Daniels v. Brown*, 9 Vet.App 348, 353 (1996) (holding that Court cannot conclude that error was not prejudicial where "it is possible that the appellant would have sought and obtained additional medical opinions, evidence[,] or treatises" on disputed question of fact); *cf. Valiao v. Principi*, 17 Vet.App. 229, 232 (1993) ("[w]here the facts averred by a claimant cannot conceivably result in any disposition of the appeal other than affirmance of the Board decision, the case should not be remanded for development that could not possibly change the outcome of the decision"). Further, it would require pure speculation for the Court to determine at this time that, once given the notice to which he is entitled, the appellant definitely could not provide or lead VA to obtain the information or evidence necessary to substantiate his service-connection claim. *See Huston*, 17 Vet.App. at 203 (stating that "[b]ecause the Court recognizes the possibility that, once given proper notice, the appellant may be able to provide VA with evidence pertinent to his . . . claim, it would be pure speculation for the Court to exclude the possibility that had the appellant received the required regulatory and statutory notice before the AOJ adverse decision, he might have been able to present or point to evidence that could

11

have resulted in his claim being granted"). Moreover, for the Court presently to make such a determination may require findings of fact that the Court believes it is preferable for the Board to make in the first instance, *see Conway v. Principi*, 353 F.3d 1369, 1375 n.4 (Fed. Cir. 2004); *McCormick v. Gober*, 14 Vet.App. 39, 45 (2000) (remanding because BVA determinations on certain enumerated questions would be helpful to Court's review of the matter; further, such would likely benefit Court by producing better records for appellate review of Board decision and may result in VA self-correcting and amending its ways, which, in turn, would protect VA administrative authority regarding interpretation of its own issuances as well as promote judicial efficiency). Thus, taking "due account" of 38 U.S.C. § 7261(b)(2), the Court cannot presently conclude that the notice deficiency in this case is nonprejudicial to the appellant. *See* 38 U.S.C. § 7261(b)(2); *Huston*, *supra*; *see also U.S. Steel Corp. v. EPA*, 595 F.2d 207, 215 (5th Cir. 1979) (discussing 5 U.S.C. § 706, which is an Administrative Procedure Act (APA) provision requiring that federal courts take "due account . . . of the rule of prejudicial error" when reviewing agency action under the APA, and holding that, under that provision,"the doctrine of harmless error . . . is to be used only 'when a mistake of the administrative body is one that ***clearly*** had no bearing on the procedure used or the substance of decision reached'" (quoting *Braniff Airways v. CAB,* 379 F.2d 453, 466 (D.C. Cir. 1967) (emphasis added)). Furthermore, applying the outcome-based definition of prejudice that the Secretary proposes (Mot. at 13-14) to assess the effect of a lack of section 5103(a) / § 3.159(b)(1) notice would lead to an absurd result because the very purpose of requiring that a claimant whose claim is missing necessary evidence be notified of the information and evidence needed to substantiate the claim is so that the claimant and/or VA can produce that missing evidence. *See Thayer v. Principi*, 15 Vet.App. 204, 210 (2001) (en banc) (holding that when interpreting statute, Court must avoid "[a] conclusion that . . . is not supported when construing every part or section of the statute and would yield an absurd result" and citing *Trilles v. West*, 13 Vet.App. 314, 324 (2000)); *Holliday v. Principi*, 14 Vet.App. 280, 285 (2001) (citing precedent regarding need to avoid absurd result when interpreting statute). On remand, therefore, the Board must ensure that the appellant is provided the content-complying notice to which he is entitled unless the Board "make[s] findings on the completeness of the record or on other facts permitting [this Court to make] a conclusion of lack of prejudice from improper notice." *Conway,* 17 Vet.App. at 1375 n.4. If the

12

BVA undertakes the latter course, such findings must include an enumeration of all evidence presently missing from the record that must be a part of the record in order for the appellant to prevail on his claims. *See* 38 U.S.C. § 7104(d)(1); *Gabrielson v. Brown,* 7 Vet.App. 36, 39-40 (1994); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990).

Moreover, as explained in part III.D, below, remand in this case is required on another basis. Given this other basis for remand, even were the Court to determine that the notice deficiency here is nonprejudicial, any such determination could not lead to an affirmance of the Board decision on appeal.

### C. Adjudication on Remand

As discussed previously, (1) the Court is neither explicitly nor implicitly requiring the voiding or nullification of any AOJ action or decision and (2) the appellant is entitled on remand to VCAA-content-complying notice. Further, it appears that VA is in the process of developing a system to govern the provision of such notice and any subsequent necessary adjudication for cases such as this one. With respect to the development of that process, the Court notes the following. As to which VA entity may provide the requisite notice to the appellant on remand and which VA entity may readjudicate the claim subsequent to that notice, on January 23, 2002, the Secretary amended 38 C.F.R. § 19.9 to provide as follows in pertinent part:

> (a) *General*. If further evidence, clarification of the evidence, correction of a procedural defect, or any other action is essential for a proper appellate decision, a Board Member or panel of Members may:
>
> (1) Remand the case to the [AOJ], specifying the action to be undertaken; or
>
> (2) Direct Board personnel to undertake the action essential for a proper appellate decision.
>
> (i) Any such action shall comply with the provisions of § 3.159(a) and (c)-(f) of this chapter (relating to VA's assistance to claimants in developing claims).
>
> (ii) If the Board undertakes to provide the notice required by 38 U.S.C. [§] 5103(a) and/or § 3.159(b)(1) of this chapter, the appellant shall have not less than 30 days to respond to

> the notice. If, following the notice, the Board denies a benefit sought in the pending appeal and the appellant submits relevant evidence after the Board's decision but before the expiration of one year following the notice, that evidence shall be referred to the [AOJ].

38 C.F.R. § 19.9(a) (2002) (amending prior rule that "the Board *shall remand the case to the [AOJ]*" where "further evidence, clarification of the evidence, correction of a procedural defect, or any other action is essential for a proper appellate decision", 38 C.F.R. § 19.9(a) (2001) (emphasis added)). Subsequently, in May 2003, the Federal Circuit in *Disabled American Veterans v. Secretary of Veterans Affairs* (*DAV v. Sec'y*), in the course of ruling on a petition challenging, inter alia, that newly amended § 19.9, stated:

> We hold that 38 C.F.R. § 19.9(a)(2) is invalid because, in conjunction with the amended rule codified at 38 C.F.R. § 20.1304, it allows the Board to consider additional evidence without having to remand the case to the AOJ for initial consideration and without having to obtain the appellant's waiver. That is contrary to the requirement of 38 U.S.C. § 7104(a) that "[a]ll questions in a matter which . . . is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary." Moreover, we hold that 38 C.F.R. § 19.9(a)(2)(ii), which requires the Board "to provide the notice required by 38 U.S.C. [§ ]5103(a)" and "not less than 30 days to respond to the notice," is invalid because it is contrary to 38 U.S.C. § 5103(b), which provides the claimant one year to submit evidence.

*DAV v. Sec'y*, 327 F.3d 1339, 1341-42 (Fed. Cir. 2003); *cf. PVA v. Sec'y*, *supra* (invalidating similar 30-day regulatory requirement in § 3.159(b)(1)). *But see* Veterans Benefits Act (VBA) of 2003, Pub. L. No. 108-183, § 701(b), 117 Stat. 2651, 2670 (Dec. 16, 2003) (seemingly validating 30-day provisions in § 19.9(a)(2)(ii) and § 3.159(b) that were invalidated in, respectively, *DAV v. Sec'y* and *PVA v. Sec'y*, both *supra*).

Although the Court need not reach a conclusion as to the proper remand process at this time, we make the following observations. The reasoning underlying the Federal Circuit's invalidation of § 19.9(a)(2) (2002) in *DAV v. Sec'y*, *supra*, appears to apply equally (1) to the validity of paragraph (a)(2)(ii) as it relates to the Board's provision of § 3.159(b)(1) / section 5103(a)-complying notice and (2) in light of VA's current adjudication process, to the circumstances under which the Board

14

may properly adjudicate the claim without remand to an AOJ. Nothing in § 3.159(b)(1) or section 5103(a) dictates which VA entity may provide the requisite notice to the appellant with respect to a claim remanded by the Court because of a lack of complying notice. *See* 38 U.S.C. § 5103(a) (providing that "the Secretary shall notify the claimant . . ."); 38 C.F.R. § 3.159(b)(1) (providing that "VA . . . will notify the claimant . . . "); *DAV v. Sec'y*, 327 F.3d at 1346-47 ("[b]y statute, the Board is an agency of the Secretary, as are the AOJs"). The section 7104(a) mandate that "[*a*]*ll questions in a matter* which . . . is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary" may well extend to VA's compliance with fair-process requirements, such as the question whether content-complying notice has been properly provided. 38 U.S.C. § 7104(a) (emphasis added); *cf. DAV v. Sec'y*, *supra*.

In order to comply with section 7104(a)'s right of appellate review, readjudication of the appellant's claim may well have to be carried out by the AOJ once complying notice is given on remand, unless AOJ adjudication is waived by the claimant. *See DAV v. Sec'y*, *supra* (holding that Board is not permitted, consistent with section 7104(a), to consider "additional evidence without having to remand the case to the AOJ for initial consideration [or] without having to obtain the appellant's waiver [of such remand]"); *Sutton*, 9 Vet.App. at 569-70 (discussing "new approach" for BVA consideration of evidence and issues not considered by AOJ, under which claimant could waive right to AOJ consideration, and discussing potential implications of such waiver); 38 C.F.R. § 20.1304(c) (2001) (mandating referral of certain newly submitted evidence by Board to AOJ "unless this procedural right is waived by the appellant . . . in writing or . . . formally entered on the record orally at the time of the hearing") (provision subsequently deleted); *Huston*, 17 Vet.App. at 206 (vacating Board decision for "proceed[ing] to adjudicate the . . . claim in the first instance without offering to remand the question to the RO"); *cf. Janssen v. Principi,* 15 Vet.App. 370, 376 (2001) (per curiam order) (requiring that waiver of Court's consideration on appeal of procedural rights enacted in VCAA must be made by appellant who "has knowledge of certain procedural rights that he possesses and has expressed his intention clearly and unequivocally, and on the advice of competent counsel, to relinquish the Court's consideration of them in this appeal").

With respect to the provision of notice on remand and waiver, the Court notes that in response to *DAV v. Sec'y*, *supra*, the Secretary, in a notice of proposed rulemaking (NPRM), has

proposed to amend again § 19.9. If so amended, § 19.9(a) would provide:

> (a) *General*. If further evidence, clarification of the evidence, correction of a procedural defect, or any other action is essential for a proper appellate decision, a Veterans Law Judge or panel of Veterans Law Judges shall remand the case to the [AOJ], specifying the action to be undertaken.

Board of Veterans' Appeals: Obtaining Evidence and Curing Procedural Defects, 68 Fed. Reg. 69,062, 69,065 (proposed Dec. 11, 2003) (also proposing to redefine in 38 C.F.R. § 20.3 AOJ to include, inter alia, entire Veterans Benefits Administration). The Secretary in that NPRM also proposed to amend 38 C.F.R. § 20.1304(c), inter alia, to restore the waiver provision that had been deleted in 2001; if so amended § 20.1304(c) would provide:

> (c) *Consideration of additional evidence by the Board or by the agency of original jurisdiction*. Any pertinent evidence submitted by the appellant or representative which is accepted by the Board under the provisions of this section, or is submitted by the appellant or representative in response to a § 20.903 of this part, notification, as well as any such evidence referred to the Board by the agency of original jurisdiction under § 19.37(b) of this chapter, must be referred to the [AOJ] for review, unless this procedural right is waived by the appellant or representative, or unless the Board determines that the benefit or benefits to which the evidence relates may be fully allowed on appeal without such referral. Such a waiver must be in writing or, if a hearing on appeal is conducted, the waiver must be formally and clearly entered on the record orally at the time of the hearing. Evidence is not pertinent if it does not relate to or have a bearing on the appellate issue or issues.

68 Fed. Reg. at 69,066.

In the instant case, it is within VA's purview, and it appears that VA is presently undertaking, to establish in the first instance the process for providing notice and any subsequent necessary adjudication.

### D. Board Adjudication of Claim as Claim to Reopen

The Agent Orange Act of 1991(the Act) provided for a presumption of service connection to be applied to veterans who had served in the "Republic of Vietnam during the Vietnam era" and were diagnosed as having diseases that were "associated with exposure to certain herbicide agents."

16

Pub. L. No. 102-4, § 2(a)(1), 105 Stat. 11, 11 (codified at 38 U.S.C. § 316, renumbered at 38 U.S.C. § 1116 by Pub. L. No. 102-83, § 5(a), 105 Stat. 378, 406 (1991)); *see* 38 C.F.R. § 3.309(e) (1993) (initial implementing regulation for section 1116). In addition to the diseases listed in what became section 1116, the Act authorized the Secretary to issue regulations extending the service-connection presumption to other diseases so warranting. 38 U.S.C. § 1116(a)(1)(B). Pursuant to that authority, the Secretary in June 1994 expanded the list of diseases subject to the presumption to include "[r]espiratory cancers (cancer of the lung, bronchus, larynx, or trachea)". 59 Fed. Reg. 29,723, 29,724 (June 9, 1994) (amending § 3.309(e)). That regulation now provides in pertinent part:

> (e) *Disease associated with exposure to certain herbicide agents.* If a veteran was exposed to an herbicide agent during active . . . service, the following diseases shall be service[]connected if the requirements of § 3.307(a)(6) are met even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of § 3.307(d) are also satisfied.
> . . . .
> Respiratory cancers (cancer of the lung, bronchus, larynx, or trachea)[.]

38 C.F.R. § 3.309(e) (2003); *see* 38 U.S.C. § 1116(a)(2)(F), as amended by the Veterans' Benefits Improvements Act of 1994 (VBIA), Pub. L. No. 103-446, § 505, 108 Stat. 4645, 4664 (including in section 1116 list same respiratory cancers "becoming manifest to a degree of disability of 10 percent or more").

The Secretary's regulatory amendment that included "[r]espiratory cancers" in the presumptively service-connected-disease list was promulgated two months after the RO denied in April 1994 the veteran's claim for service connection for his left-lung-soft-tissue mass. R. at 124; 59 Fed. Reg. at 29,724. The veteran did not appeal that decision, and it thus became final. *See* 38 U.S.C. § 7105(c). After the veteran filed a claim to reopen in March 1996, the RO in the January 1997 decision adjudicated that claim as an original claim for "service connection" (and not as a claim to reopen) and noted the June 1994 change in law that had expanded the list in § 3.309(e). R. at 175-76. On appeal of that RO decision, the Board, in the decision now on appeal, stated that, although "it is not made clear in the record, it appears that the RO reopened the veteran's claim of entitlement to service connection . . . and denied it on the merits in its January 1997 . . . decision"

(R. at 10); the Board then proceeded to adjudicate the claim as a claim to reopen (R. at 11-14).

In *Spencer v. Brown*, this Court addressed whether "when there has been an intervening liberalizing law or VA issue which may affect the disposition of the claim" VA is required "to conduct de novo review of a previously and finally denied claim"; the Court determined that although 38 U.S.C. § 5110(g) does not create such a requirement "on its face or by clear implication . . . , it appears to be contingent upon, and thus to presuppose, the existence of such a right." *Spencer*, 4 Vet.App. at 288. The Court then held:

> Where a claim is based upon a substantive right created by a statutory or regulatory provision that did not exist at the time of the prior final denial of the claim, adjudication of the latter claim is not a "reopening" of the first, such as would be prohibited, absent new and material evidence, by section 7104(b). And the fact of the intervening change in law is itself sufficient to change the factual basis such that the latter claim is not "a claim based upon the same factual basis"[, 38 U.S.C. § 7104(b),] as the former claim. *Cf. Akins v. Derwinski*, 1 Vet.App. 228, 230 (1991) (holding that a presumption created by statute was itself new and material evidence).

*Spencer*, 4 Vet.App. at 289. Accordingly, in view of the intervening liberalizing regulation that in 1994 added "[r]espiratory cancers" to the § 3.309(e) list of presumptively service-connected diseases, the Court holds that, the Board improperly adjudicated the appellant's claim as a claim to reopen, rather than as an original claim (as had the RO), and that the Board decision must be vacated on this ground as well; on remand, the Board must thus develop and readjudicate the appellant's claim accordingly. *See Spencer*, *supra*; *McCay v. Brown*, 9 Vet.App. 183, 186-88 (1996) (characterizing VA regulation promulgated pursuant to Agent Orange Act of 1994 as liberalizing regulation), *aff'd*, 106 F.3d 1577 (Fed. Cir. 1997).

## IV. Conclusion

For the foregoing reasons, the Court grants the Secretary's February 3, 2004, motion for reconsideration of *Pelegrini I*, *supra*, and withdraws that opinion. Upon consideration of the record on appeal, the parties' pleadings, oral argument, the Secretary's February 2004 motions regarding *Pelegrini I* and the responses thereto, and the foregoing analysis, the Court vacates the April 2001 Board decision and remands the matter for expeditious further development and issuance of a

readjudicated decision supported by an adequate statement of reasons or bases, *see* 38 U.S.C. §§ 1110, 5100-5103, 5103A, 5106, 5107, 7104(a), (d)(1); 38 C.F.R. §§ 3.159(b), (c), 3.309(e); *DAV v. Sec'y*; *Huston*, *Charles*, *Quartuccio*, and *Spencer*, all *supra*; *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991) – all consistent with this opinion and in accordance with 38 U.S.C. § 7112 (as added by the VBA of 2003, § 707(b), 117 Stat. at 2673) (requiring Secretary to "take such actions as may be necessary to provide for the expeditious treatment by the Board of any claim that is remanded to the Secretary by the Court"); *see Vargas-Gonzalez v. Principi*, 15 Vet.App. 222, 225-30 (2001) (holding that VBIA § 302, 108 Stat. at 4658, the predecessor of section 7112, applies to all elements of claim remanded by the Court or Board), and with all applicable law and regulation. *See Allday v. Brown*, 7 Vet.App. 517, 533-34 (1995). On remand, the appellant will be free to submit additional evidence and argument on the remanded claim, and the Board is required to consider any such evidence and argument. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). The Court notes that a remand by this Court and by the Board confers on an appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms. *See Stegall v. West*, 11 Vet.App. 268, 271 (1998). A final decision by the Board following the remand herein ordered will constitute a new decision that, if adverse, may be appealed to this Court only upon the filing of a new NOA with the Court not later than 120 days after the date on which notice of the new final Board decision is mailed to the appellant. *See Marsh v. West*, 11 Vet.App. 468, 472 (1998). Because this opinion replaces *Pelegrini I*, the Secretary's alternative motion for a full-Court decision in light of *Pelegrini I* and his February 5, 2004, motion for a stay of *Pelegrini I* are dismissed as moot.

VACATED AND REMANDED.


IVERS, *Judge*, concurring in part and dissenting in part: I concur in the Court's opinion in parts I, II, III.D., and IV, but dissent from the Court's opinion in parts III.A.1, 2.a. and b., and B. and C.

As aptly put by Justice Stevens:

The maxim that "hard cases make bad law" may also apply to easy cases. As I shall explain, this case could easily be decided by the straightforward application of well-

19

established precedent. . . . Any proper concern about the danger that [an] opinion might be interpreted too expansively would be more appropriately addressed in a case that was either incorrectly decided or that at least raised a close or difficult question. In my judgment it is most unwise to use this case as a vehicle for substitution of a rather open-ended attempt to define [the legal issues in question] that trouble the Court.

*Hudson v. United States*, 522 U.S. 93, at 106-07 (1997) (Stevens, J., concurring). Such is the case here. Having determined that the appellant is entitled to a remand pursuant to *Spencer v. Brown*, 4 Vet.App. 283 (1993), in part III.D., the Court need go no further.

This Court has discussed the need to address multiple errors when remanding a case. It has been the practice of this Court from the outset that, as a general rule, when an undoubted error requires that the Court order a remand, the Court will not address other putative errors raised by the appellant that are not necessary in effecting the proposed disposition. In short, if the proper remedy is a remand, there is no need to analyze and discuss all the other claimed errors that would result in a remedy no broader than a remand. In *Best v. Principi*, 15 Vet.App. 18 (2001) (per curiam order), the Court noted that it generally decides cases on the narrowest possible grounds, and therefore is not required to rule upon other allegations of error . . . .

*Mahl v. Principi*, 15 Vet.App. 37, 38 (2001) (per curiam order). The Court further instructed that "[c]onsidering only the issues necessary to the disposition of the case, or, in other words, deciding a case on the narrowest possible grounds, is the tradition in general appellate practice." *Id.* In *Best v. Principi*, the Court also stated:

The Court's practice of limiting its opinions to the issue necessary to effect a remand is consistent with the jurisdictional statute under which the Court operates. That statute states that "in any action brought under this chapter, the Court of Appeals for Veterans Claims, *to the extent necessary to its decision* and when presented shall . . . (1) decide all questions of law." 38 U.S.C. § 7261(a) (emphasis added). Of course, within the statutory definition of "to the extent necessary," there may be appropriate circumstances that would cause the Court, in its discretion, to touch upon another issue, whether raised by the appellant or not.

*Best*, 15 Vet.App. at 20.

Not all Board errors are of equal gravity. However, the majority's analysis presumes that they are. By addressing a purported VCAA notice error *before* acknowledging the Board's more significant failure to adjudicate the appellant's claim as a new claim in violation of *Spencer, supra*, the majority has reversed the order of importance of the Board's errors in its analysis. The Board's

20

*Spencer* error required the appellant to overcome the significant hurdle of presenting new and material evidence *before* his final decision could be reopened and readjudication could take place. *See* 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a) (2003). He would also not be entitled to all the assistance given a claimant filing a new claim. *See Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs*, 345 F.3d 1334 (Fed. Cir. 2003) (holding that the Secretary's regulation excluding claims to reopen from mandatory medical examinations is valid, and that "in the absence of new and material evidence, VA is not required to provide assistance to a claimant attempting to reopen a previously disallowed claim, including providing a medical examination or obtaining a medical opinion," inter alia). Since the proper remedy for the failure to adjudicate the appellant's claim as a new one is remand, there is no need to analyze and discuss any other error that would result in a remedy no greater than a remand. *Best, supra*.

Clearly, the notice provisions of the VCAA are currently in a partial state of flux. *See* section 701 of the Veterans Benefits Act of 2003 (VBA), Public Law 108-183, 117 Stat. 2651 (Dec. 16, 2003) and proposed regulation Board of Veterans' Appeals: Obtaining Evidence and Curing Procedural Defects, 68 Fed. Reg. 69,062, 69,065 (Dec. 11, 2003), which will be applicable to any readjudication of the appellant's claim below. On remand, the appellant will also be free to submit additional evidence and argument on the remanded claims in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order), and the Secretary will be required to address all applicable law and regulation, to include those regulations addressing notice and the requirements of the VCAA.

I agree with the majority's assertion that the plain language of section 5103(a) requires that the Secretary give the claimant appropriate notice "[u]pon receipt of a complete or substantially complete claim." That is obvious to all. However, the majority assumes that, under *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984), because "Congress has directly spoken to the precise question at issue" and "the intent of Congress is clear, that is the end of the matter." *Ante* at 8-9. Unfortunately, the intent of Congress on the key question in this case is anything but clear. The key question here is how does the Secretary address a situation where the claim was adjudicated prior to the passage of the VCAA making compliance with the timing requirement of the plain language of section 5103(a) impossible? The language of section 5103 is

silent regarding that circumstance. When reviewing an agency's construction of a statute that it administers, the Court first determines "whether Congress has directly spoken to the precise question at issue." *Chevron*, 467 U.S. at 842. If the law governs the question under consideration, this Court "must give effect to the unambiguously expressed intent of Congress." *Id*. at 843. If, however, the statute does not directly address the issue, the Court then must determine whether the administering agency properly promulgated an interpretative regulation "based on a permissible construction of the statute." *Id*. The Court may defer to the VA's reasonable interpretation of a statutory provision when the law does not directly address the precise question at issue, in other words, when the law leaves "a gap for an agency to fill." *Id.* ("'The power of an administrative agency to administer a congressionally created . . . program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress.'" (quoting *Morton v. Ruiz*, 415 U.S. 199, 231 (1974)); *cf. Brown v. Gardner,* 513 U.S. 115, 118 (1994) (holding that interpretive doubt must be resolved in favor of the veteran). There is a conflict between the requirements of *Chevron* and *Gardner*, both *supra*, in the context of the review of VA regulations. However, the Court should at least provide the Secretary with an opportunity to promulgate a regulation for the Court to review in light of *Chevron* and *Gardner*, both *supra*, rather than engaging in speculative interpretation. Congress did not address what should be done when proper VCAA notice does not precede an initial unfavorable RO decision. As conceded by the majority, the Secretary is in the process of filling that gap. The Court need not intercede in an area that is solely the province of the Secretary.

Despite having no compelling reason to do so, the majority has chosen to enter into a regulatory thicket recently visited by the Federal Circuit, and to some degree, by Congress. *See Disabled Am. Veterans v. Sec'y Veterans Affairs*, 327 F.3d 1339 (Fed. Cir. 2003) [hereinafter *DAV*] and VBA section 701. The majority unnecessarily instructs the Secretary on the applicability, timing, and content of the VCAA duty-to-notify provisions as well as the issues of prejudice to the appellant and adjudication on remand.

The Federal Circuit invalidated regulation § 19.9(a)(2) (2002) in *DAV*, holding that

> 38 C.F.R. § 19.9(a)(2) is invalid because, in conjunction with the amended rule codified at 38 C.F.R. § 20.1304, it allows the Board to consider additional evidence without having to remand the case to the AOJ for initial consideration and without having to having to obtain

22

the appellant's waiver. That is contrary to the requirement of 38 U.S.C. § 7104(a) that "[a]ll questions in a matter which . . . is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary."

*DAV*, 327 F.3d at 1341. The Federal Circuit observed that the amendment to 38 C.F.R. § 20.1304 (2002) eliminated the requirement in 38 C.F.R. § 20.1304(c) (2001) that unless the appellant waived consideration by the RO the Board must refer evidence not considered by the RO to the RO. *Id.* at 1345-46. The Federal Circuit, in its criticism and analysis of §§ 19.9(a) and 20.1304(2002), did not foreclose the ability of the Board to cure a procedural error made at the RO level. Rather, they found the absence of the ability of an appellant to choose between remand to the RO or proceeding before the Board to be problematic. The Secretary was given the opportunity to redraft the invalidated regulation and the Secretary is now in the process of doing so. Even the majority concedes that "it appears that VA is in the process of developing a system to govern the provision of such notice and any subsequent necessary adjudication for cases such as this one." *Ante* at 13. The majority then continues on, opining in great detail, on the very issues that the Secretary has made the subject of current rulemaking. *See* Board of Veterans' Appeals: Obtaining Evidence and Curing Procedural Defects, 68 Fed. Reg. at 69,065. The VA General Counsel has also issued a General Counsel Precedent Opinion addressing the impact of *DAV* upon the Board's ability to cure section 5103(a) notice defects at the Board level. *See* VA Gen. Coun. Prec. 1-2003 (May 21, 2003). Neither the proposed regulation nor the precedential opinion are currently before the Court. The Court need not now insert itself into the regulatory process, the sole province of the Secretary under 38 U.S.C. § 501. While it would generally be appropriate for this Court to address and invalidate a regulation, in this case the Federal Circuit in *DAV, supra*, has invalidated that regulation. The Secretary should be allowed the opportunity to fix the problem before this Court directs a solution. Instead, the majority provides the Secretary with unnecessary counsel on the ongoing regulatory process.

Furthermore, parts III.A.1, 2.a and b and B and C of the opinion contain nothing necessary to the disposition of this case. They are, therefore, at best, dictum. BLACK'S LAW DICTIONARY defines "obiter dictum," commonly referred to as "dicta," as "[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (though it may be considered persuasive)." BLACK'S LAW DICTIONARY

1100 (7th ed. 1999). The majority concedes as much by observing "[a]lthough the Court need not reach a conclusion as to the proper remand process at this time, we make the following observations." *Ante* at 14. It then proceeds to make detailed observations as to what it sees as the correct path for regulatory revision. Section 501, of title 38 of the U.S. Code assigned that duty to the Secretary.

> Regarding dicta, this Court has observed:

> > The danger of . . . dicta is that, although theoretically and technically not binding, practically, they give the appearance of carrying the cloak of judicial acceptance. As one scholar has stated, "Much depends on the character of the dictum. Mere obiter may be entitled to little weight, while a carefully considered statement . . . , though technically dictum, must carry great weight, and may even . . . be regarded as conclusive." CHARLES A. WRIGHT, THE LAW OF FEDERAL COURTS § 58, at 374 (4th ed. 1983); *see also McCoy v.* [*Mass. Inst. of Tech.*], 950 F.2d 13, 19 (1st Cir. 1991) (giving effect to considered dictum of the Supreme Court). . . . Through its dicta, the majority seeks to dictate the result of any remand to the Board.

*Lasovick v. Brown*, 6 Vet.App. 141, 153 (1994) (Ivers, J., concurring in part, dissenting in part). Such is the case here. The majority's discussion runs afoul of "[t]he danger of . . . dicta [which] is that, although theoretically and technically not binding, practically, they give the appearance of carrying the cloak of judicial acceptance," as noted in *Lasovick*, 6 Vet.App. at 153. Certainly, the majority has put the Secretary on notice as to what it believes a regulation in compliance with section 5103(a) must look like. The Court can and should decide this appeal on the narrowest grounds in accordance with general appellate practice by remanding the matter for readjudication pursuant to *Spencer*, *supra*. This is especially so in light of the abundant evidence that both the Secretary and Congress are addressing the defects identified in *DAV, supra*, and in light of the fact that none of the results of those efforts is now before the Court.

> As Justice Stevens stated, in concurring only in the judgment in *Hudson*, *supra*:

> It is of course, entirely appropriate for the Court to perform a lawmaking function as a necessary incident to its Article III responsibility for the decision of "Cases" and "Controversies." In my judgment, however, a desire to reshape the law does not provide a legitimate basis for issuing what amounts to little more than an advisory opinion that, at best, will have the precedential value of pure dictum . . . .

*Hudson*, 522 U.S. at 112 (Stevens, J., concurring). Justice Stevens went on to express great concern

with the constitutional ramifications of the Supreme Court's majority opinion. His caution is well taken here. If, as I believe to be the case, the majority opinion here is dicta, then its direction to the Secretary amounts to little more than an advisory opinion and should be given the precedential value appropriate to that category of judicial utterance. For the reasons stated above, I respectfully dissent.