*502 KASOLD, Judge
concurring in part and dissenting in part:
As so clearly stated in the Court’s opinion, the question before the Court is “whether the notice provisions of [section 5103(a)] apply to the assignment of an initial disability rating (Dingess appeal) and effective date (Hartman appeal) in association with an award of VA service-connection disability compensation.” Ante at 477. The Court holds today that they do, as do the pleading requirements established in our precedential decision in Mayfield v. Nicholson, 19 Vet.App. 103 (2005), argued, No. 05-7157 (Fed.Cir. Feb. 6, 2006). See ante at 484-86. I fully concur. I also fully agree with the holdings of the Court that “(1) section 5103(a) requires notice to a claimant of how a VA service-connection claim may be substantiated as to all five elements of that claim and (2) that certain standards apply for the timing and content of that notice,” ante at 477, as further described in sections III.A, B.l, and B.2. And, I agree with the resultant vacatur, in part, and affirmance, in part, of the Dingess Board decision and the affir-mance of the Hartman Board decision. See ante at 501. However, I must respectfully dissent in part for the reasons set forth below.
I dissent from the narrow exception created today for claims involving a partial award granted in an initial adjudication that occurred prior to the November 9, 2000, enactment of the VCAA, which, inter alia, amended section 5103(a) to explicitly impose the duty on the Secretary to notify a claimant what information or evidence is necessary to substantiate the claim. See ante 493, 499-500 (finding no error because the current section 5103(a) requirements were not in effect when the claims were substantiated and, because the claim was substantiated, the Secretary’s regulatory retroactive application of the section 5103(a) notice requirements was inapplicable). The creation of this narrow exception is unwarranted. It is the Secretary, not the Court, that has been given the authority to write regulations implementing law. See 38 U.S.C. § 501(a) (“The Secretary has authority to prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and are consistent with those laws.... ”).
In this instance, the Secretary explicitly made the regulations implementing section 5103(a) applicable to all claims pending “before VA” upon the enactment of the VCAA or any new claim filed thereafter. See 66 Fed.Reg. 45,620, 45,629 (Aug. 29, 2001). Although the Secretary expressly carved out exemptions to the retroactive application of the VCAA, he did not exempt claims that had been partially granted prior to the enactment of the VCAA. Furthermore, the Board considered section 5103(a) applicable, as evidenced in the cases before us today. See Din. R. at 3-4 (Dingess Board reviewed notice for Secretary’s compliance with section 5103(a)); Har. R. at 3-4 (Hartman Board, same). Yet, absent any Chevron analysis, the Court today creates an exception to the Secretary’s regulation. See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843-45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (Court gives deference to executive department’s reasonable interpretation of statutory scheme). By making the regulations implementing the revised section 5103(a) applicable to all claims then pending “before VA” upon the enactment of the VCAA, the Secretary obviously intended to benefit claimants by making sure adequate notice on how to substantiate a claim was provided to each veteran, no matter where in the administrative process that claim hailed. See also Pelegrini v. Principi, 18 Vet.App. 112, 120 (2004) (“the appellant has the right on *503 remand [from the Court to the Board] to VCAA content-complying notice and proper subsequent VA process”). It was a proper exercise of the Secretary’s authority, and I perceive no basis for the Court’s creation of an exception thereto.
Moreover, the creation of this narrow exception is not only unwarranted, it is unnecessary. Our traditional approach of assessing error and prejudice suffices. As to the PTSD claims of both Mr. Dingess and Mr. Hartman, there was no error for the failure of the Secretary to provide either claimant with section 5103(a) notice prior to the initial adjudication of the claims because the section 5103(a) notice requirements had not yet' become law. See Pelegrini, 18 Vet.App. at 120. On the other hand, we should hold that the Secretary erred by failing to provide Mr. Din-gess and Mr. Hartman with the required notice before issuance of a subsequent, post-VCAA, adjudication of their claims. See id. at 120, 122-23. Applying the rule of prejudice, however, we should further hold that the notice received throughout the appellate process in each case rendered any section 5103(a) error nonprejudicial because it permitted both Mr. Dingess and Mr. Hartman the opportunity to fully participate in the processing of their respective claims. See Mayfield, 19 Vet.App. at 128 (“there could be no prejudice if the purpose behind the notice has been satisfied, that is, affording a claimant a meaningful opportunity to participate effectively in the processing of her claim by VA” (citations omitted)).
I also disagree with the majority’s conclusion that, although a claimant is presumed to be seeking the maximum benefit, see AB v. Brown, 6 Vet.App. 35, 38 (1993) (quoting 38 C.F.R. § 3.103(a) (1992) (requiring the Secretary to “render a decision which grants every benefit that can be supported in law while protecting the interests of the Government”)); see also ante at 486-87, 491, a claim is somehow substantiated even though a claimant continues to appeal his award. This confuses the finding of service connection with the award of the maximum benefit authorized by law. When the latter is granted, the claim is substantiated. Prior to that, at best, the claim is substantiated only in part. Claimants seek VA benefits, not an element of the claim for benefits, and, in disability claims, they seek the maximum compensation authorized by law. See 38 U.S.C. § 1110 (authorizing payment of disability compensation to veterans who suffered disease or injury in the line of duty); 38 U.S.C. § 1131 (same); see also AB, supra; 38 C.F.R. § 3.103(a) (2005). There is little doubt that the claimant seeking disability compensation who receives an award of service connection, an effective date, and a 0% disability rating (with no compensation) will wonder how the claim for compensation could be considered substantiated. See United States v. Wilson, 503 U.S. 329, 336-37, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (rejecting any interpretation of statute requiring that Court “to stretch the meaning of the words”); see also The American Heritage Dictionary of the English Language 1284 (New College ed.1976) (defining “substantiate” as to “verify”).