Citation Nr: 1339313 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 13-12 125 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to service connection for residuals of a right ankle fracture.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

C. Ozger-Pascu, Associate Counsel



INTRODUCTION

The Veteran served on active duty from March 27, 1970 to May 6, 1970. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a June 2012 rating action of a Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. 

 
FINDINGS OF FACT

1. The residuals of a right ankle fracture was noted at entrance into service. 

2. The Veteran's right ankle fracture did not increase in severity beyond its natural progression during service. 


CONCLUSION OF LAW

A right ankle fracture was not aggravated by active service. 38 U.S.C.A. §§ 1110, 1111, 1153, 5100, 5102, 5103, 5103A, 5107 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.306 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act (VCAA) of 2000 requires VA to provide notification with respect to establishing entitlement to benefits and to assist with development of the evidence. 38 U.S.C.A. §§ 5103A, 5103; 38 C.F.R. § 3.159(b). 

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his representative of any information, and medical or lay evidence necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b). Proper VCAA notice must inform the appellant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the appellant is expected to provide in accordance with 38 C.F.R. § 3.159(b)(1). Pelegrini v. Principi, 18 Vet. App. 112, 120-121 (2004). This notice should be provided prior to an initial unfavorable decision on a claim by the agency of original jurisdiction (AOJ). Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini, supra, at 120-21. 

In Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006), the United States Court of Appeals for Veterans Claims (Court) held that VCAA notice requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all five elements of a service connection claim: (1) veteran status; (2) existence of a disability; (3) connection, or nexus, between the veteran's service and the disability; (4) the degree of disability; and (5) the effective date of the disability. 

In this case, VA satisfied its notice requirements in an August 2011 letter, which explained the evidence the Veteran was responsible for obtaining and the evidence VA would obtain on his behalf, the criteria for establishing service connection, and the method by which VA determines disability ratings and effective dates.

VA also fulfilled its duty to assist. The Veteran's Service Treatment Records (STRs) were obtained, and he was provided a relevant VA examination in March 2012 to address the etiology of his claimed right ankle fracture residuals. The Board finds that the VA examination and addendum are sufficient for adjudicatory purposes because they reflect that the examiner reviewed the claims file, performed a physical examination of the Veteran and provided an opinion supported by a sufficient rationale. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). Neither the Veteran nor his representative has identified any relevant, available treatment records that have not been obtained. For the foregoing reasons, the Board concludes that all reasonable efforts were made by the VA to obtain the evidence necessary to substantiate the Veteran's claim. 

As VA's duties to notify and assist have been met, there is no prejudice to the Veteran in adjudicating this appeal.

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated therein. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. A pre-existing injury or disease will be considered to have been aggravated by active military service where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease. 38 C.F.R. § 3.306(a). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the appellant. 38 U.S.C.A. § 5107(b). 

When examined at the time of his service enlistment, it was noted that the Veteran sustained a right ankle fracture in 1968, which was treated by open reduction and metal fixation with the screw still in place. The Veteran complained of pain and swelling on occasion, but he was accepted for service under a lowered profile. In this regard, his lower extremities were characterized as productive of a PULHES physical profile of 2. (A "PULHES" profile is a military evaluation that reflects the overall physical and psychiatric condition of a soldier on a scale of 1 (high level of medical fitness to 4 (a medical condition or physical defect which is below the level of medical fitness for retention in military service). The "L" in the PULHES acronym stands for lower extremity. Odiorne v. Principi 3 Vet. App. 456 (1992). 

Since the Veteran's ankle disability existed prior to service, the question becomes whether it was aggravated by service. 

Five days after entering service, the Veteran was seen with ankle complaints of swelling and pain. By April 13, 1970, the Veteran was relieved from all basic training duties. A medical evaluation board was accomplished, which recommended separation from service as unfit for procurement. Documentation indicated the board found the disability was not aggravated by active duty. The board's findings were approved on April 24, 1970, and the Veteran was discharged from service on May 6, 1970, as not meeting medical fitness standards at time of induction. 

The Veteran's claims file is negative for post-service treatment records related to his claimed right ankle disability. In fact, the Veteran acknowledged in a September 2011 statement, he did not seek medical treatment post service, (although he indicated he used over the counter medicine and wore an elastic support on his ankle for pain and swelling.) 

In March 2012, the Veteran underwent a VA examination to determine whether his claimed disability was aggravated by active duty service. The Veteran reported his ankle fracture and surgery from 1968 and his pain and swelling during service. He stated he had no additional interventions or trauma to the site. He also reported that he worked for 30 years in warehouse work and for 10 years in printing, with a described heavy workload.

The examiner opined that the Veteran experienced an acute in-service flair up of his right ankle condition, but that the condition was not permanently aggravated beyond the natural progression of his severe ankle fracture. This conclusion is consistent with what the physicians who made up the in-service medical board determined, as well as with the post service evidence which showed the ankle required no formal treatment following service discharge. 

Given the evidence of record, the Board finds that service connection for residuals of an ankle fracture is not warranted because the Veteran's ankle disability was not aggravated in service. His in-service complaints of pain and swelling are essentially the same has his pre-service and post service complaints, and those medical professionals addressing the question at issue have all found the disability was not aggravated by service. 

In reaching this decision, the Board has also considered the doctrine of reasonable doubt. As the evidence of record, however, weighs against the claim, the doctrine does not apply. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Service connection for residuals of a right ankle fracture is denied.



____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals





Department of Veterans Affairs