Citation Nr: 1518705 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 10-47 835 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to special monthly compensation based on being bedridden, housebound, or in need of aid and attendance of another.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

R. Williams, Counsel 


INTRODUCTION

The Veteran served on active service from February 1962 to September 1981. The appeal comes before the Board of Veterans' Appeals (Board) from an August 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In February and September 2014, Board remanded the appeal to the RO for additional development. The matter has been properly returned to the Board for appellate consideration. See Stegall v. West, 11 Vet. App. 268 (1998). .

This appeal was processed using the Virtual VA (VVA) and Virtual Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into consideration the existence of these electronic records. 


FINDING OF FACT

The Veteran's service-connected disabilities prevent him from caring for himself and/or protecting himself from the hazards of his environment.


CONCLUSION OF LAW

The criteria for entitlement to special monthly compensation based on the need for the regular aid and attendance of another person have been met. 38 U.S.C.A. §§ 1114, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.350, 3.352 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the United States Department of Veterans Affairs (VA) has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2014). Such notice must include notice that a disability rating and an effective date for the award of benefits will be assigned if there is a favorable disposition of the claim. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006); 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107; 38 C.F.R. §§ 3.159, 3.326; see also Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004). 

As a preliminary matter, the Board notes that the Veteran has been provided all required notice. In addition, the evidence currently of record is sufficient to substantiate his claim for special monthly compensation. Therefore, no further development is required under 38 U.S.C.A. §§ 5103, 5103A (West 2014) or 38 C.F.R. § 3.159 (2014). 

Special Monthly Compensation- Aid & Attendance

Special monthly compensation is payable to a person who is permanently bedridden or so helpless as a result of service-connected disability that he is in need of the regular aid and attendance of another person. 38 U.S.C.A. § 1114(l); 38 C.F.R. § 3.350(b).

Factors to be considered in determining whether a Veteran requires such are the inability to perform activities of daily living (dressing, cooking, eating, attending to the wants of nature, cleaning, and personal hygiene), a need for assistance in adjusting orthopedic or prosthetic devices, and requiring care or assistance on a regular basis to protect oneself from the hazards or dangers of the daily environment. 38 C.F.R. § 3.352(a). 

The Veteran asserts that his service-connected disabilities are of such a severity that he requires regular aid and attendance. He essentially claims that he requires assistance to perform daily activities due to his service-connected bilateral lower extremity disabilities. He stated that his wife takes care of him every day and that she cannot leave the house unless she has someone else come and take care of him. See April 2014 statement.

The Veteran's service-connected disabilities include above-the-knee amputation of the right leg, rated 100 percent disabling under 38 C.F.R. § 4.30 (convalescent rating) from December 1, 2009, and 60 percent disabling from March 1, 2010. The right knee was previously rated based on arthritis and then based on total knee arthroplasty. Other impairment of the right knee was separately rated 10 percent disabling between April 10, 2000, and March 23, 2009. Also service-connected is traumatic arthritis of the left knee status post total knee arthroplasty, at 30 percent disabling from May 14, 2003; adenocarcinoma of the prostate, rated 100 percent disabling from February 14, 2002, noncompensably disabling from October 1, 2003, and 40 percent disabling from October 18, 2010; esophageal stricture with gastroesophageal reflux disease (GERD) and hiatal hernia, status post fundoplication, rated noncompensably disabling prior to April 10, 2000, and 30 percent disabling from that date; asthmatic bronchitis, rated 30 percent disabling; diabetes mellitus, type II, rated 20 percent disabling from April 28, 2005; hypertension, rated 10 percent disabling from August 7, 2000; tinnitus, rated 10 percent disabling from August 5, 2005; and bilateral hearing loss, rated noncompensably disabling. He has a 100 percent disability rating based on unemployability due to his service-connected disabilities. 

Initially, the Board notes that the RO granted special monthly compensation based on housebound criteria being met by a February 2012 rating action, but only for the interval from December 1, 2009, through March 1, 2010. 

The Veteran was afforded a VA aid and attendance or housebound examination in March 2011. However, while this examiner reported as a medical history that the Veteran was in bed 24 hours per day and required the assistance of his wife for everything except brushing his teeth, the examiner did not address the extent of confinement to bed or home or the need for aid and attendance due solely to service-connected disabilities. Substantial disability is reflected in the record which is not service connected, including congestive heart failure diagnosed nearly 20 years ago, chronic renal insufficiency, total colectomy secondary to ulcerative colitis, and gout. The March 2011 examiner asserted that the Veteran's right leg amputation "would allow him to have aid and attendance," but did not provide any analysis to support this finding. 

In an October 2014 VA housebound and aid and attendance examination report, the examiner indicated that that the Veteran uses a right leg prosthesis and he determined that the Veteran needs assistance with bathing and other activities of daily living. The examination report reflects that the Veteran has dizziness once or more per day, mild (occasional) memory loss, and that imbalance affects his ability to ambulate occasionally. The self-care skills which the Veteran is unable to perform are bathing and toileting. The physician also reported that the Veteran can leave the home for medical care only. He further stated that the Veteran has poor balance. In addition, the examiner noted that the Veteran is unable to ambulate without assistance of another person or leave his home without assistance and requires a crutch for ambulation. 

The examiner explained that because the Veteran's prosthesis does not fit well, the Veteran was not currently using it and not walking at that time. The physician opined that the Veteran is not confined to his bed or home, but does require assistance with travel outside the home. He also determined that with a normally functioning right leg prosthesis, the Veteran would be able to ambulate with his walker at home and outside the home on a limited basis.

The VA opinions, along with credible statements from the Veteran, support a grant of special monthly compensation based on a need for regular aid and attendance. The Board finds that the weight of the evidence, medical and lay evidence, indicates that the Veteran's service-connected disabilities cause him to require care or assistance on a regular basis to protect him from hazards or dangers incident to his daily environment, such need is the result of the Veteran's multiple service-connected disabilities affecting his bilateral lower extremities. The Board finds the VA opinions as to the severity of the Veteran's service-connected disabilities are sufficient by themselves to render him in need of the regular aid and attendance of another person.

Accordingly, resolving all reasonable doubt in the Veteran's favor, the Board finds that entitlement to special monthly compensation based on the need for the regular aid and attendance of another person is warranted. The Board notes that a 100 percent evaluation is not required for special monthly compensation based on the need for regular aid and attendance. 

Special monthly compensation based on the need for regular aid and attendance is a greater benefit than special monthly compensation at the housebound rate. 38 U.S.C.A. § 114(l), (s) (West 2014) Therefore the issue of special monthly compensation at the housebound rate is moot. 


ORDER

Entitlement to special monthly compensation based on the need for the regular aid and attendance of another person is granted, subject to the criteria applicable to the payment of monetary benefits.



____________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs