Citation Nr: 1527834 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 13-32 705 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for a low back disability. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and his spouse


ATTORNEY FOR THE BOARD

N. Snyder, Counsel


INTRODUCTION

The Veteran had active service from December 1955 to August 1957.

This appeal came before the Board of Veterans' Appeals (Board) from a decision of March 2013 by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. 

In September 2014, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record. 

When the appeal was before the Board in November 2014, the Board granted reopening of the Veteran's claim for service connection for low back disability and remanded the reopened claim for further development. 

The record before the Board consists of the Veteran's electronic records in Virtual VA and the Veterans Benefits Management System. 

This appeal has been advanced on the Board's docket. 38 C.F.R. § 20.900(c). 


FINDINGS OF FACT

1. The Veteran's spina bifida occulta is a developmental defect. 

2. No acquired low back disorder present during the period of the claim was present until years following the Veteran's discharge from service, and no such disorder is etiologically related to the Veteran's active service. 






CONCLUSION OF LAW

The criteria for service connection of a low back disability have not been met. 38 U.S.C.A. §§ 1101, 1131, 1112, 1137 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2014). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2014), and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159 (2014), provide that VA will assist a claimant in obtaining evidence necessary to substantiate a claim but is not required to provide assistance to a claimant if there is no reasonable possibility that such assistance would aid in substantiating the claim. 

They also require VA to notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of the notice, VA is to specifically inform the claimant and the claimant's representative, if any, of which portion, if any, of the evidence is to be provided by the claimant and which part, if any, VA will attempt to obtain on behalf of the claimant. 

The Board also notes the United States Court of Appeals for Veterans Claims (Court) has held that the plain language of 38 U.S.C.A. § 5103(a) (West 2014), requires that notice to a claimant pursuant to the VCAA be provided 'at the time' that or 'immediately after' VA receives a complete or substantially complete application for VA-administered benefits. Pelegrini v. Principi, 18 Vet. App. 112, 119 (2004). The timing requirement enunciated in Pelegrini applies equally to the initial-disability-rating and effective-date elements of a service-connection claim. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The record reflects that the Veteran was provided all required notice in a letter mailed in December 2012, prior to the initial adjudication of the claim.

The record also reflects that the service treatment and examination records, VA treatment and examination records, and post-service medical evidence identified by the Veteran have been obtained. Neither the Veteran nor his representative has identified any outstanding, existing evidence that could be obtained to substantiate the claim; the Board is also unaware of any such evidence. The Veteran was provided an examination in March 2015 to determine the nature and etiology of the low back disorders present during the period of the claim. The Board has found the report of the examination and opinion to be adequate. In this regard, the Board notes that in addition to examining the Veteran, the examiner reviewed the Veteran's pertinent history and properly supported the opinion provided and did not rely solely on the absence of treatment of a low back disability after discharge. The Veteran contends that the examination was not adequate because it was cursory. The examiner reported all necessary findings, however, and provided a rationale for the opinion rendered that is consistent with the medical record. As such, the Board finds the report is adequate for adjudicative purposes. 

Accordingly, the Board will address the merits of the appellant's appeal.

Legal Criteria

Service connection may be established for disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303. 

Congenital or developmental defects are not diseases or injuries for VA compensation purposes. 38 C.F.R. § 3.303(c).

Where a veteran served for at least 90 days during a period of war or after December 31, 1946, and manifests arthritis to a degree of 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C.A. §§ 1101, 1112, 1137; 38 C.F.R. §§ 3.307, 3.309. 

Service connection may be granted for any disease initially diagnosed after discharge, when all the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary. The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102 (2014); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). 

To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

Factual Background

The Veteran seeks service connection for a low back disability. He asserts that the back disability is the result of heavy lifting in service. At the hearing before the Board, he testified that he was diagnosed with low back strain prior to service and that he was told to wear a back brace. He testified that he originally performed light duty but then he was put in a storeroom where he had to do heavy lifting, which is when his back began bothering him. He testified that he had been told to not wear his back brace. He also testified that he did not go to sick call because he did not want others to laugh at him. He initially testified that he did not receive treatment for his back after service. He then testified that he "sometimes" received treatment in the 1960s and 1970s, but they only provided pain medication so he stopped going because there was no solution for the problem. He testified that his back was much worse at separation than entrance, explaining that he was unable to bend over or do anything due to pain. 

The record of the December 1955 service entrance examination indicates that the Veteran reported low back pain, which was sometimes aching and sometimes catching in character. He reported that he injured his back in 1948 after pushing a tractor. He denied treatment and reported that the pain improved after several hours. He reported continued problem with the back since that time, but also reported receiving no treatment for his back. He reported using a brace since 1952, which helped most of the time. He reported that he believed his back was getting worse and that it was aggravated by exercise. Examination revealed no pathology. X-ray images showed sacralization of the transverse process of the 5th lumbar, bilaterally, otherwise normal. The examining physician determined that the Veteran did not have a back pathology. The examiner added that it did not appear that the Veteran had been wearing the brace because it "looked like new." The examiner found there did not appear to be a reason for the Veteran to continue wearing the brace. 

Otherwise, the service treatment records are negative for evidence of a back disorder. The August 1957 separation examination revealed normal clinical findings for the spine. 

VA treatment records are also negative for evidence of a low back disorder.

A March 2015 VA examination record reveals the Veteran's history of injuring his back in 1946-1948, while pushing a tractor. He reported pain on occasion after that time and indicated that the back got worse during service because of carrying heavy boxes. He denied seeking medical care or missing military duty due to back problems. He reported that his back bothered him "at times" after service. At the time of examination, he reported that the back bothered him on a daily basis. After examination and review of the record, the examiner diagnosed a current disability of lumbar degenerative disc disease. The examiner also noted past diagnoses of spina bifida occulta as shown on the December 1955 entrance examination and lumbar strain in 1946-48 and 1957. 

The examiner determined that it was less likely than not that the current back disability was related to service. The examiner diagnosed the Veteran's current back condition as degenerative disc disease and osteoarthritis. The examiner determined the current disability was from a lifetime of use and wear and tear, as was "expected and commonly seen in patients this age," and was "not related to any events that occurred in the service 58 years earlier." The examiner added that the Veteran's current arthritis changes on X-rays were seen at all levels L2 through S1 while his spina bifida/sacralization was at L5 only. The examiner noted that the Veteran had not received treatment or reported histories pertaining to the back. 

With respect to the episodes of back strain associated with mechanical lifting/carrying during and prior to service, the examiner found the episodes were "separate, isolated, acute events," where, "one was not associated with the other nor did one cause or contribute to the other." The examiner added that the Veteran's spina bifida occulta did not cause or contribute to either strain episode nor did these strain events aggravate the spina bifida occulta.

With respect to the spina bifida occulta, the examiner found it clearly and unmistakably existed prior to service and was not aggravated beyond its natural progression by service. The examiner explained that it was more likely as not that the Veteran had a preexisting congenital low back developmental condition, namely spina bifida occulta, and a prior back strain prior to service. The examiner noted that spina bifida occulta was a common developmental defect that occurred in as many as 20 percent of the population. The examiner found it less likely as not that the Veteran had any progression of the congenital back condition while in service beyond what would normally be expected. In this regard, the examiner noted that the Veteran had a normal back exam at separation and during the current evaluation. 

Analysis

Following consideration of the evidence, the Board concludes service connection is not warranted for a low back disability. 

Initially, the Board finds service connection is not warranted for lumbar strain because the record does not show that it has been present during the period of the claim. Although the record includes the VA medical opinion that the Veteran had lumbar strain during service, the Veteran has not been diagnosed with lumbar strain at any time during the pendency of the claim and it was not found on the VA examination.

The record documents that the Veteran currently has osteoarthritis and degenerative disc disease of the lower spine. Service connection is not warranted for either disorder, however. Initially, the Board finds a preponderance of the evidence shows that the degenerative disc disease and osteoarthritis were not present during active duty. Clinical evaluation of the spine was normal at entrance and separation, the Veteran has not reported chronic back symptoms during and since service, and the initial post-service evidence of a back disorder was in 2010, when the Veteran filed his initial claim for service connection. Furthermore, a VA examiner has provided a probative opinion that the degenerative disc disease and osteoarthritis were not present during service. 

The Veteran currently asserts that he had intermittent back pain after doing heavy lifting during active duty. Although the Veteran is competent to report his symptomatic history, he is not competent to attribute the intermittent pain to osteoarthritis and degenerative disc disease as opposed to a distinct episodes or even multiple episodes of acute disorder manifested by pain, and based on the absence of a diagnosis until many years after service and the VA examiner's probative determination that a current back disability is not related to service, to include in-service strain due to heavy lifting, the Board finds the preponderance of the evidence establishes that the osteoarthritis and degenerative disc disease were not present until more than one year after the Veteran's discharge from service 

Furthermore, the preponderance of the evidence establishes that the osteoarthritis and degenerative disc disease are unrelated to service. The VA examiner provided a probative opinion that the osteoarthritis and degenerative disc disease were not due to service, to include the in-service strain, explaining that the thoracolumbar spine disability was consistent with normal wear and tear associated with the Veteran's age. There is no contrary medical opinion of record. Although the appellant might believe that his back disability is related to service, the record does not suggest the appellant, who is a layperson, is competent to determine the cause of his current back disability. In any event, the Veteran's lay opinion is less probative than the medical opinion against the claim.

Service connection is also not warranted for spina bifida occulta. 

As noted above, congenital or developmental defects are not diseases or injuries for VA compensation purposes. 38 C.F.R. § 3.303(c). VA's General Counsel has held that service connection may be granted for diseases (but not defects) of congenital, developmental or familial origin, as long as the evidence as a whole establishes that the conditions in question were incurred or aggravated during service within the meaning of VA laws and regulations. It has also expressly stated that the terms "disease" and "defects" must be interpreted as being mutually exclusive. The term "disease" is broadly defined as any deviation from or interruption of the normal structure or function of any part, organ, or system of the body that is manifested by a characteristic set of symptoms and signs and whose etiology, pathology, and prognosis may be known or unknown. On the other hand, the term "defects" would be definable as structural or inherent abnormalities or conditions that are more or less stationary in nature. See VAOPGCPREC 82-90 (July 18, 1990).

The 2015 VA examiner diagnosed the Veteran with spina bifida occulta, which the examiner explained was a developmental defect. There is no contrary medical opinion of record suggesting that it is a disease or injury, and the Board notes that VA has defined "spina bifida" as a defect in its regulations. 38 C.F.R. §§ 3.814, 3.815. Accordingly, there is no legal basis for granting service connection for this condition.

Accordingly, the claim must be denied. In reaching this decision, the Board has considered the doctrine of reasonable doubt but has determined that it is not applicable to this claim because the preponderance of the evidence is against the claim. 


ORDER

Service connection for a low back disability is denied. 



____________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs