Citation Nr: 1554508 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 11-33 828 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to an initial rating in excess of 20 percent prior to October 5, 2009, and an initial rating in excess of 40 percent beginning October 5, 2009, for hypertension.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

K. Haddock, Counsel 





INTRODUCTION

The Veteran had active military service from May 1967 to June 1969. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

In his December 2011 substantive appeal, the Veteran asked that he be afforded a hearing before a member of the Board. The Veteran was scheduled for his requested hearing in September 2013 but failed to report for that hearing without explanation. Therefore, his hearing request is deemed to have been withdrawn. 

This case was previously before the Board, most recently in August 2015, at which time the issue currently on appeal was remanded for additional development. The case has now been returned to the Board for further appellate action. 


FINDINGS OF FACT

1. Prior to October 5, 2009, the Veteran did not have blood pressure readings showing diastolic blood pressure of predominantly 120 or more.

2. Beginning October 5, 2009, the Veteran did not have blood pressure readings showing diastolic blood pressure of predominantly 130 or more.


CONCLUSION OF LAW

The criteria for an initial rating in excess of 20 percent prior to October 5, 2009, and an initial rating in excess of 40 percent beginning October 5, 2009, for hypertension have not been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 4.7, 4.104, Diagnostic Code 7101 (2015). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

VA will assist a claimant in obtaining evidence necessary to substantiate a claim, but is not required to provide assistance to a claimant if there is no reasonable possibility that assistance would aid in substantiating the claim. VA must also notify the claimant of any information, and any medical or lay evidence, not previously provided to VA that is necessary to substantiate the claim. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015). As part of the notice, VA must specifically inform the claimant and the claimant's representative, if any, of which portion, if any, of the evidence is to be provided by the claimant and which part, if any, VA will attempt to obtain on behalf of the claimant.

Notice to a claimant should be provided at the time or immediately after, VA receives a complete or substantially complete application for benefits. 38 U.S.C.A. § 5103(a) (West 2014); Pelegrini v. Principi, 18 Vet. App. 112, (2004). The timing requirement applies equally to the effective date element of a service connection claim. Dingess v. Nicholson, 19 Vet. App. 473 (2006). 

The Board finds that the Veteran was provided adequate notice in response to his claim. The record shows that he was mailed a letter in July 2009 advising him of what the evidence must show and of the respective duties of VA and the claimant in obtaining evidence. The July 2009 letter also provided him with appropriate notice with respect to the disability rating and effective date elements of his claim. 

The Board also finds the Veteran has been afforded adequate assistance in response to his claim. His service medical records are of record. VA Medical Center and private treatment notes have been obtained. He has been provided appropriate VA examinations. Neither he nor his representative has identified any outstanding evidence, to include medical records, which could be obtained to substantiate the claim. The Board is also unaware of any outstanding evidence. 


Legal Criteria

Disability ratings are determined by the application of the VA's Schedule for Rating Disabilities (Rating Schedule). 38 C.F.R. Part 4 (2015). The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.321(a), 4.1 (2015). 

It is not expected, especially with the more fully described grades of disabilities, that all cases will show all findings specified; findings sufficiently characteristic to identify the disease and the disability therefrom are sufficient. Coordination of rating with impairment of function is always expected. 38 C.F.R. § 4.21 (2015). Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7 (2015).

According to the appropriate diagnostic code that evaluates impairment resulting from hypertension, a 20 percent rating is warranted for diastolic blood pressure predominantly 110 or more-or systolic blood pressure predominantly 200 or more. A 40 percent rating is warranted for diastolic pressure predominantly 120 or more. A 60 percent rating is warranted for diastolic blood pressure predominantly 130 or more. 38 C.F.R. § 4.104, Diagnostic Code 7101 (2015).

The Board has reviewed all evidence of record pertaining to the history of the service-connected disability. The Board has found nothing in the historical record which would lead to the conclusion that the current evidence of record is not adequate for rating purposes. 38 C.F.R. §§ 4.1, 4.2, 4.41, 4.42 (2015); Schafrath v. Derwinski, 1 Vet. App. 589 (1991).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102 (2015); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996). 

Analysis

The Veteran asserts that he should have a higher rating for his hypertension because this disability is worse than contemplated by the currently assigned ratings as he requires multiple medications for only partial control.

At a September 2009 VA examination, the Veteran reported that he experienced symptoms of feeling nervous, irritable, dizzy, and anxious. He described taking medication for hypertension, but noted that his hypertension had been only minimally responsive. His serial blood pressure readings taken at that time were 180/110, 182/106, and 178/110. He was noted to be well developed, well nourished, and in no acute distress. Chest X-rays were within normal limits. The examiner confirmed the diagnosis of hypertension and noted that the Veteran's hypertension affected his daily activities in that he had to limit his physical exertion and activities as a result of intermittent dizziness. 

At a November 2015 VA examination, the Veteran reported that he continued to be maintained on multiple medications for control of his blood pressure. Serial blood pressure readings taken at that time were 146/92, 144/98, and 154/105. The examiner noted that the Veteran's hypertension affected his daily activities in that he was only able to do light, sedate-type activities. 

Further review of the record shows that the Veteran receives regular healthcare at the VA Medical Center. Treatment notes of record show that the Veteran also routinely has his blood pressure taken when receiving treatment. His blood pressure readings of record were as follows: 170/90, 190/107, and 199/122 in June 2010; 206/122, 192/122, and 202/110 in September 2010; 160/90 in March 2011; 182/126 in July 2011; 174/98 in August 2012; 243/140 in October 2012; 138/82 in January 2013; 200/80 in February 2013; 220/123 in March 2013; 181/101, 131/65, and 137/78 in April 2013; 129/79 in December 2014; 191/109 in January 2015; 146/74, 118/73, and 175/92 in April 2015; 152/78 in June 2015; 150/82 in July 2015; and 176/110 in August 2015. 

The Board finds that the Veteran is not entitled to an initial rating in excess of 20 percent prior to October 5, 2009. In this regard, there is no evidence of record that the Veteran had blood pressure readings which showed diastolic blood pressure of predominantly 120 or more during that period. In fact, at his September 2009 VA examination, his blood pressure readings were 180/110, 182/106, and 178/110. Therefore, an initial rating in excess of 20 percent prior to October 5, 2009, for hypertension is not warranted. 38 C.F.R. § 4.104, Diagnostic Code 7101 (2015). 

The Board also finds that the Veteran is not entitled to a rating in excess of 40 percent beginning October 5, 2009. In this regard, there is no evidence that the Veteran has had blood pressure readings showing diastolic blood pressure of predominantly 130 or more. In fact, there is only one single blood pressure reading of record showing the Veteran to have diastolic pressure of 130 or more, which was 243/140 in October 2012. The Veteran's blood pressure readings generally show his diastolic blood pressure to be 130 or less, and often times well below 130. Indeed, since October 5, 2009, and other than the 243/140 blood pressure reading in October 2012, the closest diastolic blood pressure reading that the Veteran had to 130 was 126 (or 182/126) in July 2011. Further, at his November 2015 VA examination, it appeared that the Veteran's blood pressure may be responding to medication as the readings at that time were significantly lower than prior readings of record. Therefore, a rating in excess of 40 percent beginning October 5, 2009, for hypertension is not warranted. 38 C.F.R. § 4.104, Diagnostic Code 7101 (2015).

The Board acknowledges the Veteran's argument that the fact that he is required to take multiple medications for his hypertension should warrant a higher rating. However, the rating criteria for hypertension are specifically limited to blood pressure readings and subsequent findings. The fact that the Veteran is required to take medication is not for consideration when assigning a rating in excess of 10 percent for hypertension. Further, as the Veteran's hypertension is not actually well-controlled with medication, the ratings assigned for his hypertension have not been based on lower blood pressure findings resulting from the ameliorating effects of medication. Therefore, the Board finds that the Veteran's argument that he should be awarded a higher rating for his hypertension merely because he is required to take multiple medications for control is not persuasive and that ratings higher than those currently assigned are not warranted. 38 C.F.R. § 4.104, Diagnostic Code 7101 (2015).

The Board has also considered whether this case should be referred to the Director of the VA Compensation and Pension Service for extra-schedular consideration. 38 C.F.R. § 3.321(b)(1) (2015). The threshold factor for extra-schedular consideration is a finding that the evidence presents such an exceptional disability picture that the available schedular ratings for the service-connected disability at issue are inadequate. Therefore, initially, there must be a comparison between the level of severity and the symptomatology of the claimant's disability with the established criteria provided in the rating schedule for the disability. If the criteria reasonably describe the claimant's disability level and symptomatology, then the disability picture is contemplated by the rating schedule, the assigned rating is therefore adequate, and no referral for extra-schedular consideration is required. Thun v. Peake, 22 Vet. App. 111 (2008).

Here, the record shows that the manifestations of the disability on appeal are contemplated by the schedular criteria. There is no indication that the average industrial impairment from the disability would be in excess of that contemplated by the assigned ratings, even when considered in conjunction with the Veteran's other service-connected disabilities. The evidence does not show frequent hospitalization or marked interference with employment beyond that envisioned by the currently assigned ratings. Thus, the Board finds that referral of this case for extra-schedular consideration is not warranted.






 (CONTINUED ON NEXT PAGE)
ORDER

Entitlement to an initial rating in excess of 20 percent prior to October 5, 2009, and an initial rating in excess of 40 percent beginning October 5, 2009, for hypertension is denied.




____________________________________________
THERESA M. CATINO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs