Citation Nr: 1725234 
Decision Date: 06/30/17 Archive Date: 07/10/17

DOCKET NO. 10-49 395 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia 


THE ISSUE

Entitlement to service connection for diabetes mellitus, Type II (DM).


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

J. Connolly, Counsel




INTRODUCTION

The Veteran served in the United States Army from February 1978 to February 2002.

This case comes before the Board of Veterans' Appeals (Board) on appeal of an October 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. In September 2016, the Board remanded this case.


FINDING OF FACT

DM was not manifest during service or within one year of service and it is not otherwise attributable to service.


CONCLUSION OF LAW

DM was not incurred in or aggravated by service and may not be presumed to have been incurred or aggravated therein. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1131, 1137 (West 2014); 38 C.F.R. §§ 3.303, 3.306, 3.307, 3.309 (2016). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

Under the VCAA, when VA receives a complete or substantially complete application for benefits, it must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 38 C.F.R. § 3.159. Here, the Veteran was provided with the relevant notice and information. Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II). VA also has a duty to assist the Veteran in obtaining potentially relevant records, and providing an examination or medical opinion when necessary to make a decision on the claim and all appropriate development was undertaken in this case. The Veteran has not alleged any notice or development deficiency during the adjudication of the claim. Shinseki v. Sanders, 129 S. Ct. 1696 (2009). 

Service Connection

Service connection will be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131, 1153; 38 C.F.R. §§ 3.303, 3.304, 3.306. 

In addition, DM will be presumed to have been incurred in or aggravated by service if it becomes manifest to a degree of 10 percent or more within one year of a veteran's separation from service. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. With chronic diseases shows as such in service or within the presumptive period so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. This rule does not mean that any manifestation of joint pain, any abnormality of heart action or heart sounds, any urinary findings of casts, or any cough, in service will permit service connection of arthritis, disease of the heart, nephritis, or pulmonary disease, first shown as a clearcut clinical entity, at some later date. Continuity of symptomatology is required only where the condition noted during service or the presumptive period is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in service is not adequately supported, then a showing of continuity after service is required to support the claim. 38 C.F.R. § 3.303(b). This regulation pertains to "chronic diseases" enumerated in 38 C.F.R. § 3.309(a) (listing named chronic diseases). Walker v. Shinseki, 708 F.3d 1331, 1336-37 (Fed. Cir. 2013). 

The United States Court of Appeals for the Federal Circuit (Federal Circuit) noted that the requirement of showing a continuity of symptomatology after service is a "second route by which a veteran can establish service connection for a chronic disease" under subsection 3.303(b). Walker, supra. Showing a continuity of symptoms after service itself "establishes the link, or nexus" to service and also "confirm[s] the existence of the chronic disease while in service or [during the] presumptive period." Id. (holding that section 3.303(b) provides an "alternative path to satisfaction of the standard three-element test for entitlement to disability compensation"). 

Service connection may also be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Reasonable doubt concerning any matter material to the determination is resolved in the Veteran's favor. 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102.

The service treatment records (STRs) revealed that in June 1998 and July 1998, the Veteran had glucose level readings of 88 mg/dl. During service in November 1999, the glucose levels increased to 94 mg/dl, and at separation in October 2001, the Veteran's glucose levels were at 104 mg/dl. 

Post-service, the medical evidence reflects that the Veteran was diagnosed and treated for DM in 2004 which was outside of the one year presumptive period. As such, the Board remanded this case for a VA examination and opinion.

In January 2017, the requested VA examination was conducted and confirmed the diagnosis of DM. The examiner opined that the DM was less likely than not (less than 50 percent probability) incurred in or caused by inservice injury, event or illness. The examiner explained that the STRs were reviewed and showed normal glucose levels in blood and no glucosuria on examinations, including the last available in service glucose of 104 on October 17, 2001 (separation examination). Likewise, all other glucose levels from 1999 to 2001 were between 86 and 103.

In sum, the Veteran was not diagnosed with DM during service and the VA examiner, a medical professional, indicated that the glucose levels were normal. The examiner was aware of the Veteran's medical history, provided a fully articulated opinion, and also furnished a reasoned analysis. The Board therefore attaches significant probative value to this opinion, and the most probative value in this case, as it is well reasoned, detailed, consistent with other evidence of record, and included an access to the accurate background of the Veteran. See Prejean v. West, 13 Vet. App. 444, 448-9 (2000) (Factors for assessing the probative value of a medical opinion include the thoroughness and detail of the opinion).

The Board has considered the Veteran's own opinion that he should have been diagnosed with DM during service. However, as a lay person in the field of medicine, the Veteran does not have the training or expertise to render a competent opinion which is more probative than the VA examiner's opinion on this issue, as this is a medical determination that is complex. See Jandreau v. Nicholson, 492 F. 3d 1372, 1376-77 (Fed. Cir. 2007); Barr v. Nicholson, 21 Vet. App. 303, 309 (2007); Layno v. Brown, 6 Vet. App. 465, 469-71 (1994)). Thus, the Veteran's opinion by itself is outweighed by the findings to the contrary by the VA examiner, a medical professional who considered the pertinent evidence of record and found against such a relationship. See id.; see also King v. Shinseki, 700 F.3d 1339, 1345 (Fed. Cir. 2012) (affirming the Court's conclusion that the Board did not improperly discount the weight of a lay opinion in finding a medical expert's opinion more probative on the issue of medical causation).

The most probative evidence does not link the Veteran's DM to service. There was a basis for the examiner's opinion as the inservice clinical findings were normal. Accordingly, as the most probative evidence establishes that there is no causal connection between DM and service and because DM was not manifest to a compensable degree in the initial post-service year, service connection is not warranted. 

The evidence in this case is not so evenly balanced so as to allow application of the benefit-of-the-doubt rule as required by law and VA regulations. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. The preponderance is against the Veteran's claim, and it must be denied.


ORDER

Service connection for DM is denied.




S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs